Argued March 6, affirmed March 27, 1968

JOHNSON, *Appellant, v.* WHITE, *Respondent.*

439 P. 2d 8

*James K. Gardner,* Hillsboro, argued the cause and filed the brief for appellant.

*Mervin W. Brink,* Hillsboro, argued the cause for respondent. With him on the brief were Brink & Moore and Allen L. Fallgren, Hillsboro.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Plaintiff brought action against defendant for personal injury in one cause of action for $5,699.20, and property damage in another for $379.00. Each stemmed from the same alleged tort. The jury returned a verdict in the amount of the second cause of action only. In the cost bill, plaintiff sought $200 attorney's fees, pursuant to ORS 20.080, which provides:

> "In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $1,000 or less, and the plaintiff prevails in the action, there shall be * * * allowed * * * a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action * * *."

The parties agreed that plaintiff had complied with the conditions precedent pertaining to demand as required by statute. The trial court refused to allow the requested fee and from this refusal plaintiff appeals.

Before 1955, ORS 20.080 allowed a reasonable attorney fee if the amount of the "recovery" was $500 or less and the requisite demand had been made. The purpose of the statute then, as now, was to prevent insurance companies and others having liability for

torts from refusing to settle and pay just claims therefor. Unless he could collect with his claim a fair attorney fee, it would be impractical for a plaintiff to pursue his legal remedy against a reluctant defendant. *Colby v. Larson,* 208 Or 121, 297 P2d 1073, 299 P2d 1076 (1956); *Railton v. Redmar,* 209 Or 80, 304 P2d 408 (1956).

In 1955 the legislature amended ORS 20.080 to its present form, quoted above. Now, instead of basing the right to the attorney fee on the amount of recovery, it is based on the amount of the demand in the pleading. Now, as before, the right refers to "any action for damages for an injury or wrong to the person or property, *or both,* of another * * *." (Emphasis supplied.) If the demand of the complaint for both, if there is damage to person and property, is $1000 or less the right exists if the conditions precedent are met and the plaintiff recovers. If the plaintiff seeks a total of more than $1,000, he has chosen to take himself out of the operation of the statute.

Plaintiff cites *Atkinson Corp. v. Lumbermen's Cas. Co.,* 236 Or 405, 389 P2d 32 (1964), arguing that the limitation of ORS 20.080 was there interpreted by this court to apply to each cause of action, not to the total demand of a complaint that joins causes of action. In that case the plaintiff insurance company had paid numerous small claims (most of which ranged around $20 each) and became subrogated to each claimant's rights against the same alleged tortfeasor. After refusal of payment, the plaintiff commenced bringing separate actions on each claim, asking for a reasonable attorney fee in each. The defendant sued seeking to have equity require the plaintiff

company to bring all of its claims in one suit. We denied this request, and in the opinion said:

> "* * * [T]he numerous causes of action have been assigned to defendant. Although defendant could join in one complaint all of its causes of action, ORS 16.220 (1) (c), each cause 'must be stated separately.' Each cause of action would retain its separate identity, and ORS 20.080, authorizing the recovery of attorney's fees, would apply to each cause of action * * *." 236 Or at 412.

▮▮ Plaintiff in the instant case contends, as noted above, that this language allows what he seeks. Plaintiff's construction of *Atkinson* is too broad. Such was not the legislative intent in ORS 20.080, or the intent of this court in deciding the *Atkinson* case. If the total demand, regardless of the number of causes of action, is $1000 or less, attorney fees are allowable on each cause of action if plaintiff recovers and other requirements are met. If the total demand is over $1000 attorney fees may not be allowed under any cause of action.

In this case the trial court pointed out that there are reasons for the statute to be as it is:

> "* * * The statute is in the nature of a warning to plaintiffs not to inflate small claims beyond just amounts, in order that the tort-feasor may in good faith make settlement of such claims without resorting to the courts."

▮ The fact that the wording of the statute may cause a multiplicity of actions to be filed in some accident cases—one for personal injury and one for property damage if it is $1000 or less—may be a reason for further amendment of the statute. But, that is of legislative, not judicial, concern.

The judgment is affirmed.