Argued December 1, 1970, affirmed February 18, 1971

HEEN, *Appellant, v.* KAUFMAN, *Respondent.*

480 P2d 701

*Henry Kane*, Portland, argued the cause for appellant. With him on the briefs were Tilbury & Kane, Portland.

*George M. Joseph*, Portland, argued the cause for respondent. With him on the brief were Morrison & Bailey, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, and HOWELL, Justices.

HOLMAN, J.

This is an appeal from an order refusing an award of attorney's fees.

More than ten days prior to the filing of his complaint, plaintiff made a written demand on defendant for $1,500 in satisfaction of a claim for damages resulting from an automobile accident. Defendant refused to pay the amount demanded and plaintiff filed a complaint requesting $2,377 in damages. Subsequently, plaintiff filed an amended complaint seeking only $977. Upon trial, plaintiff was awarded $250 damages. He now appeals from the refusal to additionally award him attorney's fees pursuant to ORS 20.080 (1).

The statute in question provides as follows:

"In *any action for damages* for an injury or wrong to the person or property, * * * *where the amount pleaded is $1,000 or less*, and the plaintiff prevails in the action, there shall be * * * allowed to the plaintiff, * * * a reasonable amount

* * * as attorney fees * * * if * * * written demand for the payment of *such claim* was made on the defendant not less than 10 days before the commencement of the action; provided, that no attorney fees shall be allowed * * * if * * * the defendant tendered to the plaintiff, prior to the commencement of the action, an amount not less than the damages awarded to the plaintiff." (Emphasis added)

Plaintiff contends that "such claim" for which written demand must be made refers back to "any action for damages * * * where the amount pleaded is $1,000 or less," and, therefore, the amount of the pre-complaint demand is immaterial.

■■ The obvious purpose of the statute is to encourage the settlement of damage claims where the amount involved is not large. This purpose was recognized by the court in *Johnson v. White*, 249 Or 461, 439 P2d 8 (1968), where we said that the statute was designed

"* * * to prevent insurance companies and others having liability for torts from refusing to settle and pay just claims therefor. Unless he could collect with his claim a fair attorney fee, it would be impractical for a plaintiff to pursue his legal remedy against a reluctant defendant [citations omitted]." 249 Or at 462-63;

and also that

" '* * * The statute is in the nature of a warning to plaintiffs not to inflate small claims beyond just amounts, in order that the tort-feasor may in good faith make settlement of such claims without resorting to the courts.' " 249 Or at 464.

Implicit in the statute is the idea that the defendant will be pressured to settle cases in which liability exists by the potential allowance of attorney's fees and also

that he will be given the opportunity by a non-inflated pre-complaint demand to settle the claim before the complaint is filed. If plaintiff's construction of the statute is accepted, plaintiff could make an exorbitant demand and still be entitled to attorney's fees. Plaintiff's construction of the statute would, in effect, read the pre-complaint demand out of the statute. It would encourage inflated demands and thus discourage settlements. Although plaintiff's contention may be in conformance with technical English composition, in view of the legislative purpose such a construction is contrary to common sense.

The judgment of the trial court is affirmed.