Argued March 7, affirmed in part, reversed in part May 17, 1973

BUTLER, *Appellant, v.* UNITED PACIFIC
INSURANCE CO., *Respondent.*

509 P2d 1184

*Edward V. O'Reilly,* Eugene, argued the cause and filed a brief for appellant.

*J. Terrence Bittner,* Portland, argued the cause and filed a brief for respondent.

DENECKE, J.

Plaintiff recovered a judgment for fraud against an automobile dealer. The jury awarded both general and punitive damages. Plaintiff brought this present action against the dealer's surety to recover the amount of the judgment against the dealer. The trial court gave judgment for the amount of the general damages only. Plaintiff appeals.

The first issue is whether a surety on an automobile dealer's bond is liable for the punitive damages assessed against the dealer.

■ The general rule is: "* * * [A] surety is liable only for the payment of actual damages caused by the principal, and may not be held for exemplary or punitive damages, in the absence of any statutory provision

imposing such liability." 11 Appleman, Insurance Law and Practice § 6361, p 86 (1944).

The Restatement of Security § 181 provides: "A surety on an official bond is not liable for penalties imposed by law on the officer for breach of duty." Section 198 of such Restatement provides: "The liability of a surety on an attachment bond extends within the penal limits of the bond to all loss sustained by the defendant in consequence of a wrongful attachment including reasonable expense incurred by the defendant in procuring a dissolution of the attachment, but does not include exemplary damages which may be recovered against the plaintiff for malicious prosecution or other reasons."

Cases supporting the general rule are as follows: *Yesel v. Watson,* 58 ND 524, 226 NW 624, 64 ALR 929 (1929) (sheriff's official bond); *Vicario v. Jenkins,* 79 Ohio L Abs 532, 155 NE2d 488 (1958) (real estate broker's bond); *U. S. Fire Ins. Co. v. McDaniel,* 408 SW2d 134 (Tex Civ App 1966) (real estate broker's bond).

Plaintiff cites *Breeding v. Jordan,* 115 Iowa 566, 88 NW 1090 (1902), which does hold to the contrary. *Gaston v. Gibson,* 328 F Sup 3 (ED Tenn 1969), also held to the contrary.[1]

As indicated, the general common-law rule is subject to change by a statutory provision. The bond

---

[1] The federal trial court held it was obliged to apply Tennessee law which not only holds sureties liable for punitive damages, but also holds automobile liability insurance carriers similarly liable. Lazenby v. Universal Underwriters Ins. Co., 214 Tenn 639, 383 SW2d 1 (1964). The parties in this case are under the assumption that in this jurisdiction liability insurance carriers are not liable for punitive damages. Isenhart v. General Casualty Co., 233 Or 49, 377 P2d 26 (1962).

executed by the defendant was required by ORS 481.-310. The statutory condition of the bond is the dealer "shall conduct his business as a dealer without fraud or fraudulent representation and without violating any of the provisions of this chapter." Section (2) of the same statute provides: "If any person suffers any loss or damage by reason of the fraud, fraudulent representations or violation of any of the provisions of this chapter by a licensed dealer, he has a right of action against such dealer and a right of action in his own name against the surety upon the bond."

Plaintiff argues that the statute provides that if a person suffers damage because of fraud of the dealer, such person has a right of action against the surety similar in dimension to that against the dealer. Plaintiff has a judgment for punitive damages based on the fraud of the dealer; therefore, plaintiff contends he is entitled to recover the full amount of the judgment, including punitive damages, against the surety.

Plaintiff relies primarily on *Stirling v. Dari-Delite, Inc.*, 262 Or 359, 498 P2d 753 (1972). We there held that the surety on a cost bond was liable for 10 per cent of the amount of the judgment for "damages for the delay." ORS 19.160.[2]

We noted:

"We have also previously held that the purpose of ORS 19.160 was to impose a penalty to discourage frivolous appeals taken without probable cause

---

[2] ORS 19.160: "Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."

for the purpose of delay, as in this case. In addition, and regardless of whether in such an appeal a cost bond has been filed, rather than a supersedeas bond, so as to permit the plaintiff to levy execution under the judgment, pending the appeal, he must nevertheless incur further attorney fees and other expenses and inconveniences during the pendency of the appeal, which may extend for many months." 498 P2d at 755.

■ In the present case, unlike *Dari-Delite,* punitive damages were not awarded both as a penalty and to compensate the plaintiff for any expenses, inconvenience, or other injury he suffered. Punitive damages were a penalty assessed against a fraudulent automobile dealer for the purpose of deterring that dealer and others from fraudulent conduct. Punitive damages are a common-law creation and this court has restricted their use to this purpose. *Noe v. Kaiser Foundation Hosp.,* 248 Or 420, 425, 435 P2d 306 (1967); *Davis v. Georgia-Pacific,* 251 Or 239, 245, 445 P2d 481 (1968). An award of punitive damages against the surety would not be a likely deterrent.

■ A surety has a right of indemnity against its principal; therefore, the dealer ultimately might have to pay the amount of the punitive damage award if the surety were required to pay plaintiff. The ability of the dealer to respond is always problematical, particularly in this lawsuit in which the plaintiff chose to file another lawsuit against the surety to collect the damages indicating plaintiff either did not or could not obtain satisfaction from the dealer. We do not believe this possibility of indemnity is of sufficient weight to sway our considerations.

Plaintiff contends that the condition of the bond should be applied literally. Plaintiff argues the statute

provides that the surety must pay any damages awarded because of the fraud of the dealer. The plaintiff recovered damages, including punitive damages. Therefore, plaintiff argues the surety is liable.

A literal application of the statute can be used equally to defeat plaintiff's claim. In *Carter v. Agricultural Insurance Company*, 266 Cal App2d 805, 72 Cal Rptr 462 (1968), the court used the literal approach and held for the surety. There, the bond stated, as the statute required, that the attaching creditor and surety would pay "all damages which he [plaintiff-debtor] may sustain by reason of the attachment * * *." The court reasoned:

"* * * The attachee does not sustain punitive or exemplary damages. Those are imposed on the attachor as punishment for his malice. We believe damages sustained by the attachee mean those suffered by him, his actual damages, to compensate him for the losses he endured. * * *." 72 Cal Rptr at 464.

The same literal reasoning could be used in the present case. The Oregon statute states "suffers," instead of "sustains," damage. We could reason that the plaintiff did not "suffer" punitive damages.

■ We are of the opinion, however, that the better reasoning is that the statute is not clear whether the surety should be held for punitive damages. The purpose of punitive damages is to deter. Requiring the surety to pay a judgment for punitive damages likely will not be a deterrent to automobile dealers; therefore, no recovery for punitive damages should be allowed.

The trial court did award plaintiff the amount of the general damages assessed against the dealer;

however, it failed to grant plaintiff's request for an additional award for attorney fees. Attorney fees are awardable under ORS 743.114 if "plaintiff's recovery exceeds the amount of any tender made by the defendant in such action * * *."

Prior to plaintiff filing his complaint in this action, defendant tendered payment of the amount of the judgment for general damages plaintiff secured against the dealer and the amount of plaintiff's costs and disbursements in that action. Defendant repeated this tender in its answer. Both tenders, however, were conditioned upon being accepted in full satisfaction of plaintiff's judgment against the dealer for both general and punitive damages. Plaintiff refused the tender, offering to accept it as full satisfaction of its claim for general damages only.

■ Defendant's offer was not a tender. To be a tender an offer to pay a certain sum must be unconditional.

> "To make it effectual, a tender must not be fettered with a condition, imposed by the one making it, that a discharge shall be executed releasing him from all demands. He must rely in that respect only upon the force the law gives to the tender." *Purdin v. Hancock*, 67 Or 164, 166, 135 P 515 (1913). Accord, *Equitable Life Assur. Soc. v. Boothe*, 160 Or 679, 683, 86 P2d 960 (1939); *Woods v. Dixon*, 193 Or 681, 686, 240 P2d 520 (1952).[8]

Plaintiff is entitled to attorney fees in the trial court and this court because no sufficient tender was made.

---

[8] The common law is not changed in this regard by our tender statutes, ORS ch 81.

That part of the judgment denying plaintiff's request for the amount of punitive damages adjudged against the dealer is affirmed. The denial of attorney fees is reversed and the trial court is instructed to award attorney fees for legal services in the trial court to recover the amount of the general damages.

MCALLISTER and TONGUE, JJ., concur in the result.