Argued July 11, reversed and remanded September 10, 1973

LANDERS, *Appellant, v.* EAST TEXAS
MOTOR FREIGHT LINES ET AL, *Respondents.*

513 P2d 1151

*Burton J. Fallgren,* Portland, argued the cause and filed a brief for appellant.

*Jeffrey M. Batchelor,* Portland, argued the cause for respondents. With him on the brief were David C. Landis, and Gearin, Landis & Aebi, Portland.

HOLMAN, J.

Plaintiff was injured when an automobile he was operating was involved in an accident with a truck owned by defendant East Texas Motor Freight Lines and operated by its agent, Timothy Hust. More than ten days prior to commencing his action, plaintiff gave defendants the following notice:

> "Unless you contact me within ten days and make satisfactory arrangements for the settlement of this claim for personal injury or have your insurance carrier do so in your behalf, I am instructed by Mr. Landers to commence legal proceedings against you and each of you to recover full and just compensation for his injury, together with attorney's fees and court costs pursuant to ORS 20.080."

Plaintiff subsequently brought this action for $875 general damages and $105 special damages. The parties thereafter stipulated for the entry of judgment in favor of plaintiff in the sum of $450. The only issue in the case is whether under such circumstances plaintiff is entitled to attorney fees pursuant to ORS 20.080. The trial judge ruled that plaintiff was not so entitled, and plaintiff appealed.

Plaintiff contends that the notice was sufficient

despite the lack of demand for a specific amount of money because it notified defendants that attorney fees would be requested pursuant to the statute and, therefore, necessarily informed defendants that plaintiff's claim would be $1,000 or less. Defendants contend that the demand was insufficient in the absence of a demand for a specific amount because its purpose is to give a defendant an opportunity to settle before action is commenced and the notice does not give the defendants this opportunity in the absence of notification of the amount requested. ORS 20.080 is as follows:

"(1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $1,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action; provided, that no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount not less than the damages awarded to the plaintiff.

"* * * * * *"

■ The purpose of the notice is to give the defendant an opportunity to settle the case. *Heen v. Kaufman,* 258 Or 6, 8-9, 480 P2d 701 (1971); *Johnson v. White,* 249 Or 461, 464, 439 P2d 8 (1968). The notification given by plaintiff was sufficient to inform defendants that plaintiff's claim would be $1,000 or less because that is the only circumstance under which plaintiff would be entitled to attorney fees under ORS

20.080 and the notice states that he will request attorney fees under that statute. There was no difference between the notice which plaintiff gave and a notice which demands $1,000, insofar as enabling defendants to make an intelligent offer of settlement. Therefore, the solution of this controversy depends upon whether the statute contemplates that a plaintiff is entitled to attorney fees if the amount of his judgment is less than the amount of his demand. As an illustration, had plaintiff made a demand for $1,000 (the equivalent of his actual demand), would his $450 judgment entitle him to attorney fees under the statute?

■ It is clear that the statute does not intend to require that plaintiff's judgment be equal to the amount of plaintiff's demand before plaintiff is entitled to attorney fees. The statute requires only that:

1) The amount pleaded be $1,000 or less;
2) The plaintiff prevails in the action;
3) A written demand for "such claim" be made more than ten days prior to the commencement of the action; and
4) Plaintiff's judgment be greater than any offer of settlement made by defendant prior to the commencement of the action.

"Such claim" refers back to "any action for damages * * * where the amount pleaded is $1,000 or less." The statute does not specifically require that the amount of recovery be the amount pleaded, but only that "the plaintiff prevails in the action" and that the judgment be greater than the defendant's offer of settlement. Had the legislature intended anything more, we believe it would have said so.

■■ The purpose of the statute is to coerce tort-

feasors and their insurance companies into settling small, legitimate claims where it is impracticable for the offended party to employ an attorney to prosecute his claim. *Heen v. Kaufman,* 258 Or 6, 8, 480 P2d 701 (1971); *Johnson v. White,* 249 Or 461, 462-63, 439 P2d 8 (1968); *Colby v. Larson,* 208 Or 121, 297 P2d 1073, 299 P2d 1076 (1956). We believe it was the legislature's intention, whenever a defendant has notice that a claim will be $1,000 or less, to require him to evaluate the case and to make an offer at the risk of having to pay attorney fees if the offer is inadequate. This sort of an interpretation accomplishes the statutory purpose and is in conformance with the statute's literal provisions.

Defendants contend that *Heen* and *Johnson* hold that one of the purposes in requiring the written demand is to prevent "inflated demands" in minor cases. Defendants therefore argue that plaintiff should not be allowed to demand more than he gets and still be entitled to attorney fees. We hold it was the intention of the legislature to limit the inflation of small claims by excluding from the purview of the statute demands in excess of $1,000 and that it contemplated plaintiff should recover attorney fees so long as plaintiff's demand was no greater than that amount. As between plaintiff and defendant, it appears the legislature intended to put the risk of failure to evaluate the claims of $1,000 or less accurately upon the defendant. Defendants refer to dictum in *Colby*[1] which can be in-

---

[1] "* * * The plaintiff, under 20.080, is entitled to recover 'as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees for the prosecution of the action,' if, as his offer of proof shows, he made a written demand upon the defendant more than ten days before the commencement of the action for *$372.59* [the amount of the judgment], * * *." 208 Or 121 at 125 (Emphasis added).

ferred to indicate to the contrary. It is obvious that the court did not have the present, specific problem in mind and the dictum is not controlling here.

The judgment of the trial court is reversed and the case is remanded for the allowance of attorney fees to plaintiff.