Argued and submitted December 17, 1979, affirmed in part;
reversed and remanded in part March 24, 1980

COSTLEY, et al,
*Appellants Cross-Respondents,*
*v.*
HOLMAN,
*Respondent Cross-Appellant.*

(No. 34637, CA 15066)

608 P2d 614

Charles F. Adams, Portland, argued the cause for appellants - cross-respondents. With him on the briefs were Barnes H. Ellis, and Davies, Biggs, Strayer, Stoel & Boley, Portland.

James C. Tait, Oregon City, argued the cause for respondent - cross-appellant. On the brief were Nancy S. Tauman, and Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Plaintiffs, who prevailed in this negligence action for damages to an automobile, appeal from the trial court's denial of their request for attorney fees. Defendant cross-appeals, contending that the trial court erred in denying defendant's motion for a directed verdict on the ground that plaintiffs failed to meet their burden of proving damages. Because the cross-appeal challenges the decision on the merits, we address it first.

Following an automobile accident in which their 1976 Datsun was damaged, plaintiffs Charlotte Costley, who was driving the vehicle, and her father Myron Costley, who owned the vehicle, filed this action alleging the collision was caused by the negligence of defendant and seeking $1,000 general damages.

At trial, Charlotte Costley testified that, when the accident occurred in October, 1977, she had had the automobile for just over a year, that it was in very good condition and had been driven about 13,000 miles. She also identified three pictures of the automobile which she took right after the collision. These were admitted into evidence. Charlotte Costley further testified that it was necessary for her to rent a car while the Datsun was being repaired in order to attend her classes at the University of Portland Nursing School.

Myron Costley identified four exhibits as (1) the receipt for repairs done to the automobile and rental of a car, (2) the check with which he paid for repairs and rental, (3) the itemized estimate of repairs from the shop which did the work and (4) the rent-a-car agreement. Defendant objected, arguing that the documents were hearsay and that no evidence had been presented to show the reasonableness and necessity of the costs incurred. After the trial court sustained the objection, plaintiff further testified that he was familiar with the condition of the car before and after the accident and that in his judgment the repairs were necessary.

[503]

Myron Costley testified that he was not sure, but believed the car had been in the garage for "about eight days, but I really don't know." Using the documents to refresh his memory, the witness testified that although his recollection was that he had rented a car for about 8 or 10 days, he had in fact rented it for 13 days. He further testified that it was necessary to rent the car because he had purchased the Datsun exclusively for his daughter to drive to college and the collision had destroyed the headlights on one side making it unsafe for her to drive to those classes which ended after dark.

Myron Costley testified that the rental vehicle was similar to the class of vehicle which had been damaged and that he had sought to obtain the least expensive rental vehicle that he could. He further stated that the rental vehicle had cost about $140, but he had deducted approximately a third of the price to allow for the fact that his car was being saved wear and tear and so was claiming only $95.

The witness then identified himself as an owner of the damaged automobile and the following exchange took place between the witness and his attorney.

"Q [Plaintiffs' Attorney] * * * do you have an opinion as to the value of the car just before the accident and the value of the car just after the accident and before the repairs?

"A [Myron Costley] Well, we gave 30-some-hundred dollars for it and I would say at 17,000 miles or something it would be worth approximately $3,000. After that accident I wouldn't put too great a value on it, maybe 1800 or something, I don't know.

"Q Did you seek other estimates for the repairs?

"A Yes. We got three estimates.

"Q And were they approximately the same level as the cost of where you actually took it?

* * * * * [Hearsay objection from defense counsel overruled]

"A One of them was quite a lot more, greater. One of them was slightly less. * * *"

In response to a best evidence objection, the court refused to allow plaintiffs to testify as to the exact amounts of the other estimates. Plaintiffs' counsel then reoffered the four exhibits. Defense counsel again objected that they were all hearsay and unsupported by testimony as to reasonableness. The trial court admitted the receipt and check which showed that plaintiffs had paid a total of $1,044.76 for the repairs and rental; the repair estimate and rental agreement were not received. On cross-examination, Myron Costley stated that his measure of after-value of the vehicle was based on his observation of the damage and the cost of repair, and that the latter was based on the three repair estimates.

The court overruled an objection from defense counsel who contended there was no testimony that the cost of repairs was reasonable.

The court then overruled a defense motion to strike the $95 figure for loss of use from the complaint because there was no evidence of how long the vehicle was in the shop or that the period of time it was in the shop was reasonable. A motion to strike the witness' testimony about the amount paid for rental was also denied. Finally, defense counsel moved for a directed verdict, contending that plaintiffs had failed to prove damages. The motion was denied.

Defendant cites as error the court's overruling of his various objections to plaintiffs' testimony as to damages, the denial of his motion to strike the loss of use figure from the complaint and the denial of his motion for a directed verdict.

The measure of damage to personal property is the difference between its value immediately before and after the injury, *Powell v. Hartman,* 37 Or App 455, 587 P2d 506 (1978); *State v. Crace,* 26 Or App 927, 554 P2d 628 (1976). An owner is competent to testify as to diminution of value unless it is shown on cross-examination that he has no knowlege of fair market value despite his ownership or that his opinion is not

based upon acceptable factors. *Powell v. Hartman, supra; Lewis v. Worldwide Imports, Inc.,* 238 Or 580, 395 P2d 922 (1964). Defendant asserts that Myron Costley's opinion of fair market value was based solely on cost of repair and, therefore, was insufficient to support the claim.

Diminution in value may also be established by evidence of cost of repairs where it is shown that the repairs were reasonable and necessary. *Powell v. Hartman, supra.* Defendant contends however that the reasonableness of the cost of repairs was not shown by plaintiffs.

It is not necessary for us to examine the question of reasonableness of cost of repairs since we find that plaintiff, as the owner, was competent to estimate the diminution of value and that his statement on cross-examination that "I could observe the damage to it," was sufficient to support his estimate of after-value independent of any reliance on the cost of repairs.

Defendant also contends that the reasonableness of the amount claimed for loss of use was not proven because plaintiffs failed to demonstrate the reasonableness of the amount of time the automobile was in the repair shop and the reasonableness of the amount claimed for the rental vehicle.

Plaintiff is entitled to recover for loss of use for the time reasonably necessary to make repairs. A plaintiff will not be compensated for unnecessary delays in repairs. *Graf v. Don Rasmussen Co.,* 39 Or App 311, 592 P2d 250 *rev den* (1979).

In *Graf* we stated that the "reasonableness for the time in effecting repairs may depend on the circumstances involved." 39 Or App at 317. In that case we found that there was sufficient evidence to show the reasonableness of the five months the automobile was in the shop, after noting that the vehicle had sustained considerable damage, that the owner of the repair shop testified to the repairs undertaken and how long they

took, and that there was evidence of unavoidable delay in obtaining parts.

In the case before us it was apparent that a rental vehicle had been obtained for the sole purpose of replacing the damaged vehicle while it was in the shop and the owner testified that he had rented the substitute vehicle for 13 days. Photographs of the damaged vehicle, from which an inference about the reasonableness of the duration of the loss of use claim could be drawn, were placed in evidence. We conclude that this was sufficient evidence to make a jury question.

We now turn to plaintiffs' appeal from the denial of attorney fees. Plaintiffs sought attorney fees pursuant to ORS 20.080.[1] The trial court denied attorney fees based on *Heen v. Kaufman,* 258 Or 6, 480 P2d 701 (1971). We find that *Heen* does not prohibit attorney fees in this case.

According to the affidavit of plaintiffs' attorney, which is uncontroverted, he made a claim on plaintiffs' behalf for the cost of repairing the plaintiffs' car. The estimate which was sent to defendant's insurer was less than $1,000. He then sent a formal demand for payment of the claim, specifically citing ORS 20.080 in support of a claim for attorney fees if defendant failed to satisfy the claim. The demand was refused and an offer of 50 percent of the claim was made. Plaintiffs refused that offer in a telephone call in which their attorney again demanded the full amount of the estimate. Defendant's insurer later offered 75 percent of

---

[1]

"(1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $1,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action; provided, that no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount not less than the damages awarded to the plaintiff."

the estimate and sent a check for that amount. The check was returned unaccepted with a letter stating that plaintiffs' total damages were now $1,044.76, that legal action would be commenced if the claim was not satisfied, and after that "* * * any subsequent settlement will required [sic] payment of a reasonable attorneys' fee in addition to the loss already incurred." Defendant's insurer made no further offer and suit was filed seeking $1,000 in damages and attorney fees pursuant to ORS 20.080.

In denying plaintiffs' request for attorney fees, the trial court stated that the final demand in which damages of over $1,000 were claimed overrode the previous demands for less than $1,000 thereby taking plaintiffs outside the purview of the statute. The court relied on *Heen v. Kaufman, supra,* but in *Heen* the plaintiffs only pre-suit demand was for $1,500. The original complaint sought $2,377, but was later amended to demand only $977. The court in *Heen* held that to come within the statute the demand made before suit is filed must be for $1,000 or less, and in that case plaintiff made no such demand.

In the instant case plaintiffs have come within the literal terms of the statute as interpreted by *Heen:* they filed an action for damages to property wherein the amount pleaded was $1,000; they prevailed in the action; not less than 10 days before commencement of the action they made a written demand for the payment of the claim, which demand was for $1,000 or less.

We find that defendant was given more than one opportunity to settle for less than $1,000 before plaintiffs' final demand letter. Two distinct purposes behind ORS 20.080 have been noted. The first is to "* * * prevent insurance companies and others having liability for torts from refusing to settle and pay just claims therefor." *Johnson v. White,* 249 Or 461, 462, 439 P2d 8 (1968). The second is to serve "* * * in the nature of a

warning to plaintiffs not to inflate small claims beyond just amounts, in order that the tortfeasor may in good faith make settlements of such claims without resorting to the courts." *Id.* at 464, and *see Heen v. Kaufman, supra.* Defendant had ample opportunity to settle plaintiffs' claim for $1,000 or less. Defendant refused to do so, forcing plaintiffs to file suit and incur expenses for an attorney in doing so. The statute was designed to apply to just this situation.

The order denying plaintiffs' attorney fees is reversed and remanded for determination by the trial court of a reasonable amount.

Affirmed in part; reversed and remanded in part.