Argued and submitted July 13, affirmed October 3, 1990

Kenneth H. SCHOLES,
*Respondent,*

*v.*

SIPCO SERVICES & MARINE, INC.,
*Appellant,*

*and*

PORT OF PORTLAND,
*Defendant - Third-Party Plaintiff,*

*v.*

AMERICAN PRESIDENT LINES, LTD.,
and Northwest Marine Iron Works,
*Third-Party Defendants.*

(88C-673108; CA A62934)

798 P2d 694

504

Garry P. McMurry, Portland, argued the cause for appellant. With him on the brief was Anne Whiteley, Portland.

Joseph R. Mendez, Portland, argued the cause for respondent. With him on the brief was Knappenberger & Mendez, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant Sipco Services & Marine, Inc.,[1] appeals the judgment entered in plaintiff's favor. It contends that the trial court erred in denying its motion to dismiss and in awarding plaintiff attorney fees. We affirm.

Plaintiff sued defendant for $3,500, claiming that its negligence while painting ships caused his car to be covered with paint. The case was submitted to mandatory arbitration, and the arbitrator awarded plaintiff $3,500 in damages, $2,050 in attorney fees and $294 in costs. Defendant appealed to the district court for a trial *de novo* pursuant to ORS 36.425(2)(a).

At trial, plaintiff presented evidence that, during the week of March 28, he had parked his vehicle in a parking lot two-tenths of a mile from the ship repair yard at Swan Island, where ships are serviced and painted. The next time that he washed his car, he noticed that it was covered with small grey bumps that he recognized as paint. He could see the paint on the windshield but could only feel most of the bumps on the exterior of the car. He took the vehicle to a body shop and received an estimate of $3,500 to refinish the vehicle. He testified that his vehicle had diminished in value by $3,500.

The Administrative Superintendent of the Port of Portland, Hunt, testified that defendant was the only contractor using grey paint that week. At the end of March or the beginning of April, Hunt had observed an employee of defendant spray painting a ship while the wind was blowing strongly. He noted that the employee held the spray gun up to seven feet away from the hull. From 200 feet away, Hunt could see the wind catch the paint and could see the paint carried up to 15 feet away.

At the end of plaintiff's case-in-chief, defendant moved to dismiss, arguing that plaintiff had presented no expert evidence that defendant had breached a duty or that plaintiff had suffered damage. ORCP 54B(2). The trial court denied the motion. Defendant then put on its evidence, including testimony by its superintendent that a competent

---

[1] The trial court dismissed with prejudice the action against Port of Portland and the third-party action that the Port brought against American President Lines and Northwest Marine Iron Works.

painter holds the spray gun 12 to 18 inches from the surface of the ship. At the close of the evidence, the trial court entered judgment in favor of plaintiff, awarding plaintiff $1,750 in damages, $3,415 in attorney fees and $396 in costs.

Defendant contends that its motion to dismiss should have been granted. When a defendant appeals the denial of a motion to dismiss or for a directed verdict, we consider the whole record, including evidence introduced by the defendant, to determine whether the plaintiff presented a *prima facie* case. *Roach v. Kelly Health Care,* 87 Or App 495, 501 n 7, 742 P2d 1190, *rev den* 304 Or 437 (1987). In this case, defendant's own witness testified that a competent painter sprays 12 to 18 inches from the ship. The trial court properly submitted the negligence issue to the trier of fact.

Defendant contends next that its motion to dismiss should have been granted, because plaintiff failed to prove damages. The appropriate measure of damages is the difference in value of the vehicle before and after the harm was caused. *Costley v. Holman,* 45 Or App 501, 608 P2d 614 (1980). An owner's testimony of the amount of damages generally suffices to withstand a motion to dismiss or for a directed verdict on the issue of damages. 45 Or App at 506; *Weigel v. Ron Tonkin Chevrolet Co.,* 66 Or App 232, 673 P2d 574 (1983), *aff'd as modified* 298 Or 127, 690 P2d 488 (1984). Plaintiff, the owner of the vehicle, testified that its value had diminished by $3,500. That was sufficient.

Finally, defendant contends that the trial court erred in awarding attorney fees to plaintiff. ORS 20.080(1) provides, in pertinent part:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $4,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465(3) or not more than 10 days after the transfer of the action under ORS 46.461."

The trial court held that plaintiff had prevailed, because judgment was entered in his favor.

■■    Defendant contends that, under ORS 20.015, it was the prevailing party, because the trial court reduced the amount awarded by the arbitrator from $3,500 to $1,750. ORS 20.015 provides:

> "As used in this chapter 'prevailing party' on appeal may include, at the discretion of the appellate court, any party who obtains a substantial modification of the judgment, decree or other decision of the trial court."

The statute by its terms does not apply to this case. *See Henderson v. Jantzen, Inc.*, 303 Or 477, 481, 737 P2d 1244 (1987). It addresses a "modification" by an "appellate court" of a "decision of the trial court." The original decision by the arbitrator was not a "decision of the trial court"; the trial court did not act as an "appellate court" or "modify" the arbitrator's award. The trial court tried the case anew, as if the arbitration had not occurred. ORS 36.425(2)(a). Under the arbitration system implemented in Multnomah County, the trial court was not even informed of what the arbitrator's decision was. Multnomah Co Cir Ct Arb R 14.25. We agree with the trial court that plaintiff was the prevailing party, because it entered judgment in his favor.

■    ORS 36.425(2)(d) does not change that result. It provides:

> "Notwithstanding any other provision of law or the Oregon Rules of Civil Procedure, a party filing a written notice under paragraph (a) of this subsection whose position under the arbitration decision and award is not improved as a result of a judgment in the action on the trial de novo shall not be entitled to attorney fees or costs and disbursements, and shall be taxed the costs and disbursements of the other parties to the action on the trial de novo."

The statute says that, when the party filing for a trial does not improve its position, it is not entitled to attorney fees. Defendant, the party that sought *de novo* at trial, did improve its position. Therefore, ORS 20.080 governs. The trial court did not err.

Affirmed.