Argued and submitted March 9, decision of Court of Appeals affirmed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings October 21, 2004, reconsideration denied February 1, 2005

Miriam FRESK,
*Petitioner on Review,*

*v.*

Nathan KRAEMER,
*Respondent on Review.*

(CC 0001-00693; CA A115184; SC S50443)

99 P3d 282

Michael H. Bloom, of Bloom & Schuckman, P.C., Portland, argued the cause and filed the briefs for petitioner on review.

Michael A. Lehner, of Lehner & Rodrigues, P.C., Portland, argued the cause and filed the briefs for respondent on review.

CARSON, C. J.

## CARSON, C. J.

In this negligence action, the sole issue before us is plaintiff's entitlement to attorney fees under ORS 20.080(1). That statute provides, in part, that "no attorney fees shall be allowed to the plaintiff if the court finds that the defendant *tendered* to the plaintiff, prior to the commencement of the action * * * an amount not less than the damages awarded to the plaintiff." ORS 20.080(1) (emphasis added). The question presented in this case is whether defendant "tendered" a money payment that precluded an award of attorney fees to plaintiff under ORS 20.080(1) when defendant made a prelitigation payment offer that exceeded the amount that plaintiff ultimately recovered in the action, but conditioned that offer upon plaintiff releasing defendant from further liability for plaintiff's negligence claim. The Court of Appeals answered that question affirmatively and reversed the trial court's award of attorney fees to plaintiff. *Fresk v. Kraemer*, 185 Or App 582, 60 P3d 1147 (2003). We agree with the Court of Appeals and, consequently, affirm its decision.

### FACTS AND PROCEDURAL BACKGROUND

We take the following undisputed facts from the opinion of the Court of Appeals and from the record. The dispute between plaintiff and defendant arose from a vehicle collision that occurred on December 14, 1998. On December 6, 1999, plaintiff made a written demand upon defendant for $5,500 for damages resulting from that collision and notified defendant that she planned to seek attorney fees under ORS 20.080(1) if she filed an action against him. On January 14, 2000, defendant responded with a letter from his insurance carrier, in which he offered to "resolve [plaintiff's] bodily injury claim for $3,806 in addition to Personal Injury Protection benefits paid to date." The parties agree that defendant's payment offer to "resolve [plaintiff's] bodily injury claim" was conditioned upon plaintiff releasing defendant from further liability for her negligence claim.[1]

---

[1] Because defendant's offer of payment was conditioned upon plaintiff releasing him from further liability for the negligence claim that was the subject of plaintiff's complaint, we observe, as did the Court of Appeals, that our analysis that follows applies to only those circumstances in which a defendant has limited the

Plaintiff did not accept defendant's offer. Instead, on January 20, 2000, plaintiff filed a complaint against defendant in the Multnomah County Circuit Court, alleging negligence and damages in the amount of $5,500, along with costs and attorney fees under ORS 20.080(1). In his answer, defendant denied liability and also denied that plaintiff was entitled to attorney fees under ORS 20.080(1).

Because of the amount in controversy, the trial court transferred the case to arbitration. *See* ORS 36.405(1) (requiring arbitration for certain civil claims); Multnomah County SLR 13.005 (requiring arbitration for matters with amounts in dispute of less than $50,000). After an arbitration hearing, the arbitrator ruled in favor of plaintiff and awarded her $2,972 in damages. The arbitrator's award was $834 less than defendant's prelitigation offer of payment. The arbitrator did not award plaintiff attorney fees under ORS 20.080(1).

Plaintiff filed a timely notice of appeal of the arbitrator's award and requested a trial *de novo*. *See* ORS 36.425(2) (providing right to request trial *de novo* after arbitrator files decision and award with court). After a trial, a jury returned a verdict in favor of plaintiff, awarding her $2,930 in damages. The jury's verdict was $42 less than the arbitrator's award and $876 less than defendant's prelitigation offer of payment.

Following the jury's verdict, defendant and plaintiff filed competing petitions for attorney fees and costs. In his petition, among other things, defendant argued that ORS 36.425(4)(b) and (5)(b)[2] entitled him to recover $550 in attorney fees and $118 in costs that he had incurred after the filing of the arbitrator's award upon the ground that plaintiff

---

condition of release to claims that are the subject of the underlying litigation between the parties. *See Fresk*, 185 Or App at 589-90 n 9 (noting same). We also are not called upon here to consider the effect of any other conditions to payment under ORS 20.080(1).

[2] ORS 36.425 provides, in part:

"(4) Notwithstanding any other provision of law or the Oregon Rules of Civil Procedure:

"* * * * *

"(b) If a party requests a trial de novo under the provisions of this section, the action is subject to arbitration under ORS 36.405(1)(a), the party is not

had failed to improve her position in the judgment of the trial *de novo*. In her petition, by contrast, plaintiff argued that the arbitrator had erred in denying her attorney fees because the conditional nature of defendant's prelitigation payment offer had prevented that offer from acting as an effective tender of a money payment for purposes of ORS 20.080(1). Plaintiff further argued that, if the trial court agreed with that contention and reversed the arbitrator's denial of attorney fees under ORS 20.080(1), then plaintiff would have improved her position in the judgment that she obtained from the trial court and also would be entitled to recover attorney fees and costs that she had incurred after the filing of the arbitrator's award.

After briefing and argument, the trial court, for the most part, agreed with plaintiff's position. Based upon its reading of this court's decision in *Butler v. United Pacific Ins. Co.*, 265 Or 473, 509 P2d 1184 (1973), the trial court determined that, because defendant had conditioned his prelitigation payment offer upon plaintiff releasing him from further liability for her negligence claim, defendant's offer did not defeat plaintiff's claim to attorney fees under ORS 20.080(1). Relying upon that determination, the trial court further concluded that plaintiff had improved her position in the judgment that she had obtained from the trial court and, consequently, denied defendant's petition for attorney fees and costs. In a supplemental judgment and a second supplemental judgment, the trial court awarded plaintiff $33,865[3]

---

entitled to attorney fees by law or contract, and the position of the party is not improved after judgment on the trial de novo, pursuant to subsection (5) of this section the party shall be taxed the reasonable attorney fees and costs and disbursements of the other parties to the action on the trial de novo incurred by the other parties after the filing of the decision and award of the arbitrator.

"* * * * *

"(5) * * * If a party is entitled to an award of attorney fees solely by reason of subsection (4) of this section, the court shall award reasonable attorney fees not to exceed the following amounts:

"* * * * *

"(b) Ten percent of the amount claimed in the complaint, if the plaintiff requests the trial de novo but the position of the plaintiff is not improved after the trial de novo."

[3] In her petition and supplemental petition for attorney fees, plaintiff claimed a total of $42,072 for attorney fees. In considering the reasonableness of plaintiff's attorney fees, the trial court concluded that plaintiff was not entitled to the full

in attorney fees and $1,922 in costs that she had incurred in connection with both the arbitration and the trial court proceedings.

Defendant appealed the trial court's supplemental judgments awarding attorney fees and costs to plaintiff and its order denying defendant's petition for attorney fees.[4] The Court of Appeals reversed, holding that the trial court had erred in granting plaintiff attorney fees. After construing the word "tender" under ORS 20.080(1) to possess its well-established legal meaning, that court concluded that defendant's prelitigation payment offer had constituted an effective tender that precluded an award of attorney fees to plaintiff under ORS 20.080(1). *Fresk*, 185 Or App at 596. Based upon that conclusion, the court also determined that plaintiff had failed to improve her position in the judgment of the trial court and that defendant therefore was entitled to recover attorney fees under ORS 36.425(4)(b) and (5)(b).[5] *Id.*

---

amount that she had claimed because her fees "must reflect a substantial discount for the results obtained [from the jury trial] and the failure to address the attorney fee issue without requiring a trial *de novo* on the merits [of plaintiff's underlying claim]."

[4] As discussed above, 337 Or at 517, the trial court denied defendant's petition for attorney fees and costs under ORS 36.425(4)(b) and (5)(b) because it concluded that plaintiff had improved her position in the judgment of the trial court. In doing so, however, the trial court noted that it would have denied defendant's petition for costs in any event because defendant had filed his statement of costs in an untimely manner. *See* ORCP 68 C(4)(a) (party seeking attorney fees and costs shall file signed statement of costs with court not later than 14 days after entry of judgment). On his subsequent appeal to the Court of Appeals, defendant did not challenge the trial court's denial of his petition for costs.

[5] Before the Court of Appeals and this court, defendant also alternatively argued that, under ORS 36.425(4)(a), plaintiff had lost her right to attorney fees under ORS 20.080(1) even if his prelitigation payment offer had not been an effective tender because the arbitrator's award had exceeded the amount of the jury's verdict on the trial *de novo* for plaintiff's negligence claim. *See* ORS 36.425(4)(a) (providing that party entitled to attorney fees by law or contract who does not improve position after requesting and having trial *de novo* shall not be entitled to award of attorney fees or costs incurred before filing of arbitrator's decision and award and shall be taxed reasonable attorney fees and costs incurred by other parties in connection with trial *de novo*). Because it concluded that plaintiff was not entitled to attorney fees under ORS 20.080(1), the Court of Appeals did not reach defendant's alternative argument. Because we arrive at the same conclusion as the Court of Appeals respecting plaintiff's entitlement to attorney fees under ORS 20.080(1), we also do not reach defendant's alternative argument under ORS 36.425(4)(a).

We allowed plaintiff's petition for review. Because we agree that defendant's condition that plaintiff release him from further liability for her negligence claim did not prevent his prelitigation payment offer from acting as an effective "tender" for purposes of ORS 20.080(1), we affirm the decision of the Court of Appeals.

## DISCUSSION

■ The legislature enacted ORS 20.080(1) in 1947 and, for the purposes of our analysis here, has not made material changes to that statute since that time.[6] *See* Or Laws 1947, ch 366, § 1. ORS 20.080(1) now provides:

> "In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461. *However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff.*"

Or Laws 1999, ch 947, § 1 (emphasis added).

---

[6] In 1955, the legislature amended ORS 20.080(1) to limit a plaintiff's right to recover attorney fees under that statute by the amount pleaded in the complaint, rather than the amount recovered. Or Laws 1955, ch 554, § 1; *see also Johnson v. White*, 249 Or 461, 462-63, 439 P2d 8 (1968) (noting 1955 amendment to ORS 20.080 and observing that amendment did not alter purpose of statute). In addition, among other amendments not relevant here, the legislature also repeatedly has amended ORS 20.080(1) to increase the dollar amount of the claims that qualify under the statute. *See* Or Laws 1955, ch 554, § 1 (increasing from $500 to $1,000); Or Laws 1979, ch 525, § 1 (increasing to $3,000); Or Laws 1985, ch 342, § 7 (increasing to $4,000); Or Laws 1999, ch 947, § 1 (increasing to $5,500).

This court repeatedly has recognized that the legislative purpose underlying ORS 20.080(1) is "to encourage settlement of small claims, to prevent insurance companies and tortfeasors from refusing to pay just claims, and to discourage plaintiffs from inflating their claims." *Rodriguez v. The Holland, Inc.*, 328 Or 440, 446, 980 P2d 672 (1999); *see also, e.g., Heen v. Kaufman*, 258 Or 6, 8, 480 P2d 701 (1971) (stating same); *Johnson v. White*, 249 Or 461, 464, 439 P2d 8 (1968) (same). To achieve that goal, ORS 20.080(1) entitles a plaintiff to recover attorney fees in a tort action for damages of $5,500 or less if the plaintiff makes a written demand for payment upon the defendant at least 10 days before the start of the action and the plaintiff ultimately recovers more than any prelitigation amount that the defendant had "tendered" to the plaintiff. ORS 20.080(1); *see also Landers v. E. Texas Motor Frt. Lines*, 266 Or 473, 476, 513 P2d 1151 (1973) (noting requirements for recovery of attorney fees award under ORS 20.080(1)). If the defendant had "tendered" an amount before the start of the action that exceeded the plaintiff's ultimate recovery, however, then that tender defeats a plaintiff's claim to attorney fees under ORS 20.080(1). *Landers*, 266 Or at 477.

As discussed above, the parties' dispute in this case concerns the meaning of the word "tendered" under ORS 20.080(1)—specifically, whether ORS 20.080(1) contemplates that a defendant's prelitigation payment offer that is conditioned upon a release from further liability for the plaintiff's underlying claim can constitute an effective "tender" under that statute. Because that question is one of statutory interpretation, our task in answering it is to discern the intent of the legislature. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (in interpreting statute, court's task is to discern intent of legislature). To do so, we first examine the text and context of the statute. *Id.* at 610-11. In considering the text of a statute, we give words of common usage their plain and ordinary meanings, and we give words that have well-defined legal meanings those meanings. *Norden v. Water Resources Dept.*, 329 Or 641, 645, 996 P2d 958 (2000). Statutory context includes other provisions of the same statute and other related statutes, as well as the preexisting common law and the statutory framework within

which the statute was enacted. *Denton and Denton*, 326 Or 236, 241, 951 P2d 693 (1998). At the first level of analysis, we also consider this court's prior interpretations of the same statute. *State v. Toevs*, 327 Or 525, 532, 964 P2d 1007 (1998).

Neither ORS 20.080(1) nor any other applicable statute defines the word "tender."[7] In common parlance, "tender" is defined, in part, as "to proffer in satisfaction of an obligation or condition arising from a relationship between parties * * * to present for acceptance: offer freely * * *." *Webster's Third New Int'l Dictionary* 2355 (unabridged ed 1993). In addition, one legal dictionary definition of the word "tender" is "[a]n unconditional offer of money or performance to satisfy a debt or obligation[.]" *Black's Law Dictionary* 1479 (7th ed 1999); *see also Bouvier's Law Dictionary* 1170 (1926) (defining "tender" as "[a]n offer to deliver something, made in pursuance of some contract or obligation, under such circumstances as to require no further act from the party making it to complete the transfer").

■ As the Court of Appeals did in this case, this court previously has construed the word "tender" in other attorney fees statutes providing similar tender defenses consistently with the meaning of that term under this court's common law. *See, e.g., Butler*, 265 Or at 479, 479 n 3 (noting that described requirements for effective tender under this court's common law were not changed "by our tender statutes, ORS ch 81" and applying that understanding of tender in deciding whether defendant had made "tender" that precluded award of attorney fees under *former* ORS 743.114 (1971), *renumbered as* ORS 742.061 (1989)); *State Highway Com. v. Efem Whse. Co.*, 207 Or 237, 245, 295 P2d 1101 (1956) (applying this court's common-law understanding of tender in deciding whether plaintiff Highway Commission had made "tender" that precluded award of attorney fees under *former* ORS

---

[7] ORS 81.010 does not define "tender," but provides that a written offer to pay a particular sum of money, if not accepted, is the equivalent to "the actual production and tender of the money[.]" In addition, contrary to plaintiff's assertions, ORS 20.180 also does not define "tender" for purposes of ORS 20.080(1). *See* ORS 20.180 (in action for recovery of money or damages only, plaintiff shall not recover costs from defendant, and defendant shall recover them from plaintiff, if defendant alleges in answer that defendant tendered to plaintiff a certain amount in satisfaction of plaintiff's claim and deposits that sum in court, and plaintiff does not recover more than amount so tendered).

366.380(7) (1955), *repealed by* Oregon Laws 1971, chapter 741, section 38). Both parties agree, as do we, that, although "tender" under this court's common law often is described as an "unconditional offer to pay money," *see, e.g., Dockins v. State Farm Ins. Co.*, 329 Or 20, 33, 985 P2d 796 (1999) (so describing "tender"), its meaning more precisely is stated as an offer of payment that is coupled either with no conditions or only with conditions upon which the tendering party has a right to insist. *See Lowe v. Harmon*, 167 Or 128, 138, 115 P2d 297 (1941) (so stating); *Comstock Mfg. Co. v. Schiffmann et al.*, 113 Or 677, 684, 234 P 293 (1925) (same); *see also Fresk*, 185 Or App at 589 (so describing meaning of "tender" under this court's common law).

Defendant disputes that the definition of an effective "tender" at common law informs the proper construction of that term under ORS 20.080(1). Instead, defendant asserts that the term "tender[ ]" under ORS 20.080(1) properly is construed as possessing its ordinary dictionary meaning of "to offer" because, according to defendant, that construction is more consistent with the recognized purpose of ORS 20.080(1) to promote the settlement of small tort claims.

We, however, disagree with defendant's assertion and decline to read the term "tender" under ORS 20.080(1) more expansively than this court has read that term in other attorney fees statutes providing similar tender defenses. Defendant points to nothing in the context of ORS 20.080(1) that suggests that the term "tender" under that statute enjoys a broader or different meaning than it does under other statutes governing attorney fees awards. Indeed, one of the means by which ORS 20.080(1) achieves its statutory objective of promoting settlement—that is, by providing attorney fees awards to plaintiffs as a disincentive for tortfeasors to refuse paying legitimate claims—reinforces our view that the narrower meaning of "tender" under this court's common law applies. That is so because, given that context, it is unlikely that the legislature intended to enable a defendant to avoid an award of attorney fees to a plaintiff under ORS 20.080(1) with a prelitigation payment offer subject to any condition of the defendant's choosing, no matter how onerous to the plaintiff, so long as the amount of the defendant's offer exceeded the plaintiff's ultimate recovery.

Anticipating our application of the meaning of "tender" under this court's common law—that is, an offer that is coupled with no conditions or only conditions for which the tendering party has a right to insist—to ORS 20.080(1), the parties next dispute whether defendant's condition of release from further liability for plaintiff's underlying claim was a permissible condition to payment for an effective tender under that statute. Plaintiff argues that, to make an effective tender under ORS 20.080(1), a defendant is entitled to insist upon only conditions requiring the performance of preexisting contractual obligations or conditions provided by law. Thus, according to plaintiff, although a defendant is entitled to demand credit for any amount actually paid towards a plaintiff's claim, a defendant does not have a legal right to insist upon any form of release, even one that is confined to the plaintiff's underlying claim and that carries no other conditions, as a condition to payment under ORS 20.080(1). Defendant responds that, because ORS 20.080(1) serves to promote settlement of claims, and because a settlement is the payment of money in exchange for the release of a disputed claim, ORS 20.080(1) contemplates that an effective tender under that statute may include an offer subject to the condition of release from further liability for the plaintiff's underlying claim. For the reasons explained below, we agree with defendant.

Although this court has construed the term "tender" in other statutes providing a tender defense to attorney fees awards consistently with the meaning of that term under this court's common law, this court also has explained that, in deciding what constitutes an effective tender in such circumstances, this court considers the relevant statutory context. *See Efem*, 207 Or at 242 (validity of tender determined in light of governing statute). In *Efem*, this court considered the defendant's claim that it was entitled to an award of attorney fees under *former* ORS 366.380(7) (1955)[8] because the plaintiff agency had failed to make an effective prelitigation

---

[8] *Former* ORS 366.380(7) (1955) provided:

"The costs and disbursements of the defendants, including a reasonable attorney's fee to be fixed by the court, shall be taxed by the clerk and recovered from the state; *but if it appears that the commission tendered the defendants before commencing the action an amount equal to or greater than that assessed*

tender of payment in the condemnation proceeding that had been the subject of the underlying litigation between the parties. Among other things, the defendant in that case asserted that the plaintiff's prelitigation payment offer was not an effective tender because that payment offer had been conditioned upon a warranty deed conveying the property at issue to the state. After examining the statutes governing condemnation proceedings, this court concluded that "[r]equesting a warranty deed was not improper, nor did it impose a condition upon which the [plaintiff] had no right to insist. In fact, it was a condition of purchase contemplated by the highway code." *Id.* at 245.

In this case, we are similarly persuaded that defendant was entitled to insist upon a release from further liability for plaintiff's negligence claim as a condition to payment under ORS 20.080(1). As the Court of Appeals correctly recognized, this court previously has explained that the operation of ORS 20.080(1) serves not only to protect plaintiffs by discouraging tortfeasors from refusing to pay just claims, but also to protect tortfeasors by providing "a warning to plaintiffs not to inflate small claims beyond just amounts, in order that the tort-feasor may in good faith make settlement of such claims without resorting to the courts." *Heen*, 258 Or at 8 (quoting *Johnson*, 249 Or at 464 (internal quotation marks omitted)); *see also Fresk*, 185 Or App at 595 (noting that defendant-protective purpose). Indeed, consistently with that understanding of ORS 20.080(1), this court previously has described "tender" under ORS 20.080(1) as an "offer of settlement," that is, an offer that is subject to the condition of release from the disputed claim. *See, e.g., Landers*, 266 Or at 476 (to be entitled to attorney fees award under ORS 20.080(1), "[p]laintiff's judgment [must] be greater than *any offer of settlement* made by the defendant prior to the commencement of the action" (emphasis added)). In light of that statutory context, we conclude that, without more, a condition of release from further liability for a plaintiff's underlying claim does not prevent a defendant's offer of payment from acting as an effective "tender" under ORS 20.080(1). A

---

*by the jury*, the state shall recover its necessary disbursements from the defendants."

(Emphasis added.)

contrary conclusion would be inconsistent with both the statutory purpose of ORS 20.080(1) and this court's prior case law interpreting that statute.

This court's decision in *Butler*, 265 Or 473, does not dictate a different result and, indeed, offers an example of a payment offer that did not qualify as an effective tender because it was subject to conditions to which the tendering party had no right to demand. In *Butler*, the plaintiff had obtained a judgment awarding him both compensatory and punitive damages against an automobile dealer. The plaintiff made a demand upon the dealer's surety to recover the full amount of the judgment against the dealer. *Id.* at 474. The defendant surety offered to pay the plaintiff only the amount of the compensatory damages award, but conditioned that offer upon the plaintiff releasing his claim against the dealer for both the compensatory and punitive damages awards. *Id.* at 479. The plaintiff refused that offer and brought an action against the defendant surety to recover the full amount of the judgment that he had obtained against the dealer.

On review, this court concluded that the plaintiff was entitled to recover only the compensatory damages award from the defendant surety. *Id.* at 478. The court, however, also concluded that the defendant surety's prelitigation offer to pay the amount of the plaintiff's compensatory damages award did not defeat the plaintiff's claim to attorney fees under *former* ORS 743.114 (1971),[9] stating that, "[t]o make it effectual, a tender must not be fettered with a condition, imposed by one making it, that a discharge shall be executed releasing him from all demands." *Id.* at 479 (quoting *Purdin v. Hancock*, 67 Or 164, 166, 135 P 515 (1913) (internal quotation marks omitted)).

We acknowledge that, in view of the similarities between the statute at issue in *Butler* and ORS 20.080(1), the above-quoted pronouncement in *Butler*, on its face, appears to support plaintiff's contention that a condition of release

---

[9] *Former* ORS 743.114 (1971) entitled a plaintiff to recover attorney fees if "plaintiff's recovery exceeds the amount of any tender made by the defendant in such action * * *."

prevents an offer from qualifying as an effective "tender" under ORS 20.080(1). Viewed in context, however, *Butler* does not stand for the proposition that an effective tender never can be subject to *any* condition of release from liability. In *Butler*, at the time of the defendant surety's offer, the plaintiff already had obtained enforceable judgments against the dealer entitling the plaintiff to recover the full amount of both the compensatory and punitive damages that the jury had awarded. The defendant surety, however, had conditioned its payment offer not only upon a release from the claim for the compensatory damages award that the defendant surety covered, but also upon a release from the plaintiff's claim for the punitive damages award for which the surety was not liable. In view of those facts, the defendant surety demanded more than it was entitled to require as a condition to its payment, and, for that reason, its offer did not operate as an effective tender.

In the context of ORS 20.080(1), by contrast, a defendant's offer of payment precludes an award of attorney fees only if that offer is made before the commencement of the action. Thus, to preclude an award of attorney fees under ORS 20.080(1), a defendant's offer of payment necessarily is made before the plaintiff has established the defendant's liability. In view of that statutory context, a defendant's condition of release from further liability for the disputed claim at issue does not demand more than the defendant is entitled to require as a condition to payment. In short, *Butler* does not compel an outcome in plaintiff's favor here.

## CONCLUSION

We conclude that defendant's condition of release from further liability for plaintiff's negligence claim, without more, did not prevent his prelitigation payment offer from qualifying as an effective "tender" within the meaning of ORS 20.080(1). Because that tender exceeded the amount of plaintiff's ultimate recovery, plaintiff is not entitled to an attorney fees award under ORS 20.080(1). Finally, because plaintiff failed to improve her position from the arbitrator's award, defendant is entitled to an award of reasonable attorney fees under ORS 36.425(4)(b) and (5)(b) in connection with the trial *de novo*.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.