Argued and submitted June 29, reversed and remanded
with instructions October 12, 1983

# CASTRO,
*Appellant,*

*v.*

# EARL SCHEIB OF OREGON, INC.,
*Respondent.*

## (215934; CA A26668)
670 P2d 226

Raul Soto-Seelig, Portland, argued the cause and filed the brief for appellant.

Anthony W. Furniss, Portland, argued the cause for respondent. With him on the brief was Schouboe, Marvin & Furniss, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The sole issue presented on appeal is whether there was error in the trial court's denial of plaintiff's claim for attorney fees. We hold that there was error and accordingly reverse.

This case arises out of a bailment. Plaintiff took his car to defendant to have it painted. Defendant, an Oregon corporation, owns several paint shops. While in defendant's possession, the car was stolen. Plaintiff filed suit and on the morning of trial amended the prayer of his complaint by interlineation to include a claim for reasonable attorney fees. Plaintiff eventually secured a jury verdict of $2,000, but the trial judge denied the claim for attorney fees, and plaintiff appeals.

Under ORS 20.080, a plaintiff who prevails in an action for property damage pleaded for not more than $3,000 is entitled to attorney fees if "* * * the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action * * *."[1] The trial judge found that plaintiff had sent a letter demanding $3,000 for the loss of his car to defendant over ten days before the action was commenced and that the letter was received. Attorney fees were nevertheless denied, because defendant successfully contended that ORS 57.075(1) provides an exclusive means of giving notice to corporations. ORS 57.075(1) provides:

> "The registered agent so appointed by a corporation shall be an agent of such corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation *may* be served." (Emphasis supplied.)

Because plaintiff mailed his demand letter directly to defendant and not to its registered agent, the trial court found that the ten-day notice required by ORS 20.080 as a prerequisite to attorney fees was never given. We disagree. ORS 57.075(1) is a permissive statute which allows the giving of notice to registered agents as a convenient option when dealing with corporations. "Words of common usage are to be given their natural, plain and obvious meaning." *Perez v.*

---

[1] ORS 20.080 imposes other conditions precedent to the recovery of attorney fees, but the giving of ten-day notice is the only one at issue in this case.

*State Farm Mutual Ins. Co.,* 289 Or 295, 299, 613 P2d 32 (1980). This reading of ORS 57.075(1) is also supported by ORS 57.075(5):

> "Nothing contained in this section shall limit or affect the right to serve any process, notice or demand required or permitted by law to be served upon a corporation in any other manner now or hereafter permitted by law, or enlarge the purposes for which service on the Corporation Commissioner is permitted where such purposes are limited by other provisions of law."

Clearly, ORS 57.075 contemplates other modes of giving notice than those specifically enumerated in its provisions.

Having held that ORS 57.075(1) is not the exclusive way to give notice to a corporation, we must determine if the method chosen by plaintiff is recognized as adequate. In other words, may a corporation with several places of business be given notice at the particular place of business where the injury to plaintiff was suffered?

■ It strikes us as reasonable that a plaintiff would choose to deal directly with the people responsible for his injury. We judge plaintiff's methods to have been reasonably calculated to apprise defendant of the demand. Defendant was not prejudiced simply because the letter went to the shop most familiar with plaintiff's claim rather than to the corporate headquarters. Accordingly, we hold that defendant received the ten-day notice required under ORS 20.080(1).

■ As the final argument in support of the trial court's ruling, defendant asserts that plaintiff failed to plead properly the grounds on which his claim for attorney fees was based, as required by ORCP 68.[2] This argument is without merit. Plaintiff filed the action in April, 1981. ORCP 68 became effective in January, 1982, so its pleading requirements are inapplicable to this case. The rule which pertained at the time plaintiff filed this action was that, when attorney fees are provided by statute "as part of the costs of the action," less

---

[2] ORCP 68C(2) provides, in pertinent part:

"A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. * * * No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection."

specificity is required when pleading entitlement thereto than when they are provided in some other form. *See Shipler v. Van Raden,* 288 Or 735, 608 P2d 1162 (1980). At the time plaintiff filed this action, attorney fees were allowed "as a part of the costs of the action." under ORS 20.080 (*amended by* Or Laws 1981, ch 897, § 1; Or Laws 1981, ch 898, § 19). The pleading requirements under this type of statute with respect to attorney fees were summed up by the Supreme Court in *Pritchett v. Fry,* 286 Or 189, 191-92, 593 P2d 1133 (1979):

> "* * * [W]hen attorney fees are provided by statute as a part of 'costs' they do not need to be pleaded in the complaint except as part of the prayer and:

> > " "* * * a request for a specific amount should be made in the cost bill, and defendant may take issue, if he desires, by objecting on any basis he believes will defeat its allowance as is done when contesting any other claimed item of costs. Issue thus having been taken, it is then the duty of the plaintiff, as the proponent of its allowance, to meet by proof, if he can, such objections as the defendant may have raised. The rule is, of course, limited to those instances in which reasonable attorney fees are provided by statute *as part of costs.' Tiano v. Elsensohn,* 268 Or 166, 170, 520 P2d 358 (1974)." (Emphasis in original.)

Because plaintiff's amended complaint included a prayer for reasonable attorney fees, we find that he adequately pleaded his right to them. Defendant argued at trial that ORCP 68 was in effect when plaintiff amended his complaint on the day of trial and, therefore, plaintiff's amendment was required to comply with that rule. The amendment on the day of trial related back to the date the original pleading was filed, ORCP 23C.[3]

Reversed and remanded for determination of reasonable attorney fees.

---

[3] ORCP 23C was in effect in 1981, when this action was commenced, but ORCP 68 did not become effective until later. *See* Or Laws 1981, ch 898, § 7.