Argued and submitted April 2, 1999, affirmed April 12, 2000

Christopher L. SCHWARTZKOPF,
*Appellant,*

*v.*

SHANNON THE CANNON'S WINDOW
& OTHER WORKS, INC.,
and William C. Courtney,
*Respondents.*

(97C-916448; CA A102875)

998 P2d 244

Susan L. Frank argued the cause for appellant. With her on the brief were Michael J. Gentry and Tooze, Duden, Creamer, Frank & Hutchison.

Marc L. Meigs argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff appeals the trial court's denial of attorney fees after he recovered an arbitration award of $3,000, based on personal injury and property damages sustained in a motor vehicle accident. The trial court based its denial of attorney fees on the ground that plaintiff had failed to send a demand letter pursuant to ORS 20.080 to defendant, but instead sent the letter to defendant's insurer. Plaintiff appeals. We review for errors of law and affirm.

On August 23, 1997, plaintiff sustained personal injury and property damage in an accident with defendant. Several months later, plaintiff filed a claim against defendant for negligence and asserted that he was entitled to attorney fees under ORS 20.080. In its answer, defendant denied that it was negligent and also denied that plaintiff was entitled to attorney fees on the ground that defendant did not receive a demand letter pursuant to ORS 20.080. The case was referred to mandatory arbitration, where plaintiff prevailed. The arbitrator awarded plaintiff $3,000 in damages and $547 in costs. The arbitrator declined to award attorney fees pursuant to ORS 20.080. Plaintiff filed an exception to the arbitration award, arguing that the arbitrator should have awarded attorney fees. The circuit court upheld the arbitrator's denial, ruling that the statute "is unambiguous, and requires a demand upon the defendant, not the defendant's attorney, insurer, agent or successor in interest." It entered judgment affirming the arbitrator's award. This appeal ensued.

ORS 20.080(1) provides, in part:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $4,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action[.] * * * However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to

the commencement of the action * * *, an amount not less than the damages awarded to the plaintiff."

Plaintiff argues that he satisfied the requirements of ORS 20.080 by sending a demand letter to defendant's insurer more than 10 days before commencement of this action. Plaintiff asserts that *Castro v. Earl Scheib of Oregon*, 65 Or App 179, 670 P2d 226 (1983) supports his position that a demand on a defendant's insurer satisfies ORS 20.080. In *Castro*, we held that a demand letter mailed to an auto paint shop rather than to the corporate headquarters that served as the corporation's registered agent for service of process on the corporation met the requirements of ORS 20.080. In that case, we noted that the auto paint shop to which the plaintiff sent the demand letter was responsible for the injury in question, and we went on to state:

"We judge plaintiff's methods to have been reasonably calculated to apprise defendant of the demand. Defendant was not prejudiced simply because the letter went to the shop most familiar with plaintiff's claim rather than to the corporate headquarters. Accordingly, we hold that defendant received the ten-day notice required under ORS 20.080(1)." *Id.* at 182.

Defendant counters that a demand presented to a defendant's insurer, attorney, or to anyone other than the named defendant does not satisfy the statute. Defendant contends that *Castro* is distinguishable from the present case because, in *Castro*, the defendant received actual notice of the plaintiff's demand, whereas in this case, only the insurer received actual notice. Defendant asserts that the present case is more similar to *Riddle v. Kane*, 54 Or App 474, 635 P2d 394, *rev den* 292 Or 334 (1981), in which we held that the notice provisions of the Oregon Tort Claims Act were not satisfied by service of notice on the defendant county's insurance adjuster. The relevant provision of the Oregon Tort Claims Act, *former* ORS 30.275(1), provided that claims "shall be presented to a person upon whom process could be served upon the public body in accordance with subsection (3) of ORS 15.080." Under *former* ORS 15.080(3), the summons was to be served on the county clerk in an action against a county. *Riddle*, 54 Or App at 476. In *Riddle*, we rejected the

plaintiff's argument that the notice to the insurer was a sufficient tort claim notice on the ground that the

> "county's authority to buy insurance and the insurer's role in settling claims have nothing to do with the *notice* requirement of the Tort Claims Act. Whatever the legislature's purpose was in designating the county clerk as a recipient of notices under ORS 30.275(1), it clearly was not because the clerk has any authority to investigate, settle or defend against claims." *Id.* at 478.

We find neither case relied on by the parties to be particularly helpful in resolving the issue presented. *Riddle*, although it involved an insurer, interpreted a different statute; *Castro*, although it involved the statute at issue here, does not assist to answer the question of whether a demand made on an insurer qualifies as a demand made on a "defendant" for purposes of ORS 20.080.

In interpreting a statute, we look first to the text. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We typically give words of common usage their plain, natural and ordinary meaning. *Id.* at 611. The term "defendant" as used in ORS 20.080 is not defined by statute, and we do not understand the term to have a well-settled meaning that either includes or excludes agents of a named defendant.

The context of the term "defendant" as used in the demand provision of ORS 20.080 is more illuminating. The term "defendant" is used more than once in ORS 20.080(1). Aside from the demand provision at issue here, ORS 20.080(1) also provides that a plaintiff may not recover attorney fees "if the court finds that the *defendant* tendered to the plaintiff * * * an amount not less than the damages awarded to plaintiff." (Emphasis added.) We know that the "use of a term throughout a statute indicates that the term has the same meaning throughout the statute." *PGE*, 317 Or at 611. If defendant is correct that a demand sent to an insurer was not a demand on a "defendant" under ORS 20.080, then it would follow that an amount tendered to a plaintiff by a defendant's insurer or by a defendant's attorney to settle a claim could not relieve a defendant of an attorney fee obligation under ORS 20.080, because the insurer or attorney

would not be "defendants" for purposes of the tender provision any more than they would be "defendants" for purposes of the demand provision. Given insurers' rights and obligations to settle claims, we find such a narrow and unnatural construction of the term "defendant" as used in ORS 20.080 to be untenable.

In sum, we disagree with the trial court's reasoning that a demand pursuant to ORS 20.080 may not be made on an insurer who is acting as an agent for an insured defendant for purposes of defending or settling a claim. Nonetheless, under the circumstances presented here, we must affirm the trial court's denial of attorney fees because the record fails to demonstrate that a demand was made on an insurer who was, in fact, acting as an agent for defendant at the time. The record, as it pertains to this issue, consists solely of the parties' legal memoranda in the trial court concerning whether a demand made on an insurer can satisfy ORS 20.080. No exhibits or affidavits were submitted to demonstrate that the insurer was, in fact, acting as an agent for defendant at the time of the demand and, because the proceedings below were not recorded, we are unable to discern whether the parties have entered into any sort of stipulation concerning the underlying facts.[1] On appeal, plaintiff bears the burden of demonstrating that the trial court committed reversible error in ruling as it did. Thus, although we disagree with the trial court's reasoning, we are unable to find on this record that the trial court committed reversible error.

Affirmed.

---

[1] Plaintiff has attached to his appellate brief a copy of a demand letter sent to an insurer by his attorney, and a copy of the insurer's response to that letter. However, those documents have never been made a part of the record in this case, and we may not consider their contents.