Argued and submitted December 14, 2004; resubmitted en banc July 6, affirmed October 26, 2005

Carol Lee WOODS,
*Appellant,*

*v.*

CARL KARCHER ENTERPRISES INC.,
a California corporation,
dba Carl's Jr. Restaurant,
*Respondent.*

0209-09609; A123470

122 P3d 121

Teri L. Durham argued the cause for appellant. On the briefs was John S. Marandas.

Alexander S. Wylie argued the cause for respondent. With him on the brief was Williams, Kastner & Gibbs PLLC.

Before Brewer, Chief Judge, and Edmonds, Landau, Haselton, Armstrong, Linder, Wollheim, Schuman, Ortega and Rosenblum, Judges.

ORTEGA, J.

Wollheim, J., dissenting.

**ORTEGA, J.**

Plaintiff appeals a judgment in which the trial court denied her request for attorney fees incurred in obtaining an arbitration award for injuries sustained in a slip-and-fall accident. We review that ruling, which was based on the legal conclusion that plaintiff failed to satisfy the notice requirements of ORS 20.080, for errors of law,[1] and affirm.

In late September 2000, plaintiff sustained injuries when she slipped and fell at defendant's Carl's Jr. restaurant. After the incident, plaintiff took steps to file a claim and was contacted by a representative of defendant's insurer, Constitution State Service Company (CSSC). The representative informed plaintiff in writing that she would be the contact for investigating plaintiff's claim and determining liability; she also notified plaintiff of the two-year statute of limitations for filing a lawsuit. Shortly thereafter, in February 2001, the representative notified plaintiff in writing that, based on her investigation of the incident, CSSC had concluded that defendant was not responsible and denied plaintiff's claim.

The record contains no evidence of further communication between the parties until August 2002, nearly two years after the incident at issue, when an attorney wrote to CSSC on plaintiff's behalf and requested records of the investigation. The letter noted that "time [was] of the essence" and threatened a lawsuit if the matter was not resolved quickly. In early September, another CSSC representative wrote to plaintiff's attorney and reiterated CSSC's denial of liability, inviting counsel to contact her with any questions.

Neither plaintiff nor her counsel contacted CSSC again. Instead, later in September, plaintiff's counsel mailed a demand letter, addressed "To Whom It May Concern," to the Carl's Jr. restaurant where plaintiff had slipped and fallen nearly two years before. The letter, captioned "Carol Lee Woods v. Carl's Jr. Restaurant," provided as follows:

---

[1] *See Selective Services, Inc. v. AAA Liquidating*, 126 Or App 74, 77, 867 P2d 545 (1994); ORS 20.220.

"Please be advised that our office represents the legal interests of Carol Lee Woods relative to her slip and fall at your restaurant on or about September 26, 2000.

"Based on the information presented, her economic and non-economic losses are estimated to total approximately $5,000, which sum is hereby demanded.

"Be advised that pursuant to ORS 20.080, if a suit is filed after a period of ten days following this notice, the court may tax you a reasonable amount for attorney fees as well as costs."

The letter was sent by first class mail, with no return receipt requested, and the record does not establish whether the restaurant actually received it. Plaintiff filed her complaint two weeks later, seeking damages and attorney fees. The case proceeded to arbitration, and plaintiff received a damage award but no costs or attorney fees. On appeal of the arbitrator's decision, the trial court awarded costs, but denied attorney fees based on a finding that plaintiff had not satisfied the notice requirements of ORS 20.080.

■　　Plaintiff assigns error to the denial of her attorney fees. ORS 20.080(1) provides, in part:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, *if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action * * *.*"

(Emphasis added.) Plaintiff contends that sending her demand letter directly to the restaurant satisfied the statute, complaining that she had "no [other] choice" because defendant's failure to register an assumed business name with the Oregon Secretary of State made it difficult to locate a registered agent and that serving the demand on CSSC would have been "useless." Defendant counters that plaintiff's demand was legally insufficient to constitute a "written demand * * * made on the defendant" within the meaning of the statute, contending that demand instead should have

been made on CSSC. We agree that plaintiff's demand was legally insufficient and affirm the denial of fees.

■     The sufficiency of the demand in this case turns on the meaning of the statutory requirement that the demand be "made on the defendant." Our task is to discern the intent of the legislature, beginning with an examination of the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). The statutory context includes other provisions of the same statute and other related statutes, as well as prior judicial interpretations of the statute at issue. *State v. Toevs*, 327 Or 525, 532, 964 P2d 1007 (1998).

ORS 20.080 does not define the phrase "made on the defendant," and the plain words of the statute do not indicate whether the phrase requires something more than what plaintiff did here. However, as the Supreme Court recognized in *Rodriguez v. The Holland, Inc.*, 328 Or 440, 445, 980 P2d 672 (1999), "the Oregon Rules of Civil Procedure provide statutory context for construing ORS 20.080, because they 'govern procedure and practice in all circuit courts * * * for *all* civil actions * * * *except where a different procedure is specified by statute or rule.*' " (Quoting ORCP 1 A and adding emphasis.) Here, as in *Rodriguez*, ORS 20.080 does not specify a procedure for serving the demand different from the Oregon Rules of Civil Procedure.

The rules do not specifically address the manner in which prelitigation demands must be "made on the defendant," but ORCP 7 and ORCP 9 do address service in general. ORCP 9 addresses the requirements for service on the parties to litigation once litigation has been commenced. ORCP 7, on the other hand, addresses the requirements for proper service of summons, by which "the court having jurisdiction over the subject matter of the action also attains personal jurisdiction over the party served." *McCall v. Kulongoski*, 339 Or 186, 192, 118 P3d 256 (2005) (citation omitted). Although the rule specifies various methods of service, its overall requirement is that a summons be served in a manner "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and

defend." ORCP 7 D(1). A defendant who fails to appear and defend after proper service of the summons pursuant to ORCP 7 is subject to an order of default and, ultimately, a default judgment. ORCP 69.

The requirement that demand be "made on the defendant" under ORS 20.080 arises in an analogous context, in which a person or entity over whom the court has not yet attained personal jurisdiction will be required to timely respond to the content of the demand or suffer adverse consequences, in this case potential attorney fee liability. Accordingly, the Supreme Court has recognized that the evident purpose of the ORS 20.080 demand requirement is "to give the defendant an opportunity to settle the case." *Landers v. E. Texas Motor Frt. Lines*, 266 Or 473, 475, 513 P2d 1151 (1973). As the court explained, "We believe it was the legislature's intention, whenever a defendant has notice that a claim will be [within the monetary limits of the statute[2]], to require him to evaluate the case and to make an offer at the risk of having to pay attorney fees if the offer is inadequate."[3] *Id.* at 477.

■ Because ORS 20.080 does not specify a method for ensuring that the prelitigation demand is "made on the defendant," the Oregon Rules of Civil Procedure—and specifically ORCP 7 D(1), which deals with the analogous problem of service of a summons on the defendant—are context for construing ORS 20.080.[4] *See Rodriguez*, 328 Or at 445-46

---

[2] The version of ORS 20.080 at issue in *Landers* applied to claims where the amount pleaded was $1,000 or less. 266 Or at 475. The version applicable to this matter applies to claims where the amount pleaded is $5,500 or less.

[3] The dissent's contention that "ORCP 7 D is based on due process concerns that are not present here," 202 Or App at 385 (Wollheim, J., dissenting), misses this analogous concern informing the ORS 20.080 notice requirements. Indeed, the dissent appears to believe that, because the statute does not define the phrase "made on the defendant" to address this concern explicitly, a plaintiff's method of serving the demand is not subject to any evaluation for reasonableness. By that logic, plaintiff simply could have left the demand under the door of the restaurant or on the table next to her discarded french fries. Such a reading ignores the legislative intent as recognized in *Landers*.

[4] Contrary to the dissent's view, 202 Or App at 385 (Wollheim, J., dissenting), this matter is different from *McCall*, in which the Supreme Court rejected importation of the "reasonably calculated" requirement of ORCP 7 D(1) in evaluating the method of serving a notice of appeal. The court explained that the statutes controlling service of appeal notices are "separate and distinct" from the statutes controlling the service of summonses "because the act of filing and serving a notice of

(using the rules as context for interpreting the phrase "amount pleaded" in ORS 20.080). We conclude that a demand is "made on the defendant" only if it is served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the demand and to afford a reasonable opportunity to respond as required. *Cf. Castro v. Earl Scheib of Oregon*, 65 Or App 179, 182, 670 P2d 226 (1983) (holding that an ORS 20.080 demand was adequate on the grounds that it was "reasonably calculated to apprise [the] defendant of the demand").

Here, the demand letter that plaintiff apparently sent by first class mail was not transmitted by the method of mail service that is presumptively reasonable under ORCP 7, because it was not coupled with service by certified or registered mail, return receipt requested, or express mail.[5] Although it is possible that sending a notice by first class mail alone might be reasonable under some circumstances, here the letter was not directed to anyone at the Carl's Jr. restaurant, but rather was addressed "To Whom It May Concern." Plaintiff did nothing to ensure that the letter went to anyone in charge who would be able to respond timely. Moreover, in contrast to *Castro*, the record here does not establish or even suggest that sending the written demand to the restaurant would ensure that it would find its way to those "most familiar with plaintiff's claim." 65 Or App at 182 (finding that notice to the particular place of business where the injury occurred was reasonably calculated to apprise the defendant of the demand where the record indicated that the notice went to "the people responsible for [the] injury" and

---

appeal fulfills a different purpose" (*i.e.*, giving the appellate court jurisdiction over the issue on appeal to the exclusion of the lower court). *McCall*, 339 Or at 192. The court noted as well that the statutes devoted to appeals, particularly ORS 19.500, specifically provide that appellate service is to be carried out according to ORCP 9 B. *Id.* Here, by contrast, the demand requirement of ORS 20.080 serves a purpose similar to that of a summons (notifying persons or entities over whom the court has not yet acquired personal jurisdiction that they must timely respond or incur potential liability), and the statute does not point to any alternative rule or method of service.

[5] Service by mail under ORCP 7 D(2)(d), which presumptively meets the service rule's reasonableness requirement, ORCP 7 D(1), requires that service by first class mail be coupled with service by certified or registered mail, return receipt requested, or express mail.

"most familiar with [the] plaintiff's claim"). Because of plaintiff's failure to use a presumptively reasonable method of mail service or to otherwise ensure that the letter would reach someone with the authority and knowledge necessary to act on it, her demand was not reasonably calculated to apprise defendant of the need to act.[6]

The fact that plaintiff chose not to serve the demand on CSSC, though not dispositive, nevertheless suggests the unreasonableness of the method she chose for making her demand.[7] There is no question that sending the demand to CSSC, which had clearly communicated that it was authorized as defendant's agent in addressing plaintiff's claim and with whom plaintiff and her attorney had already been dealing, would have been reasonable. *See Schwartzkopf v. Shannon the Cannon's Window*, 166 Or App 466, 470-71, 998 P2d 244 (2000) (holding that an ORS 20.080 demand may be made on an insurer who is acting as an agent for an insured defendant for purposes of defending or settling a claim). Plaintiff was not required to serve her demand on CSSC; other adequate modes of serving the demand presumably existed.[8] However, she was required to choose a method that would reasonably apprise defendant of her demand—and, whether or not she viewed communication with CSSC as "useless," plaintiff cannot reasonably contend that communication with CSSC would not have provided defendant with the requisite notice of her demand.[9] The adequacy of the

_____

[6] Contrary to the dissent's contention, 202 Or App at 383 (Wollheim, J., dissenting), the dispute in this case does not center on whether the Carl's Jr. restaurant is the defendant. Rather, it centers on whether the method that plaintiff used to convey her demand was reasonably calculated to apprise defendant of that demand, so that it can be said that the demand was "made on" defendant. As discussed, we derive the reasonableness requirement from the statutory context.

[7] Plaintiff does not contend that her prior communications with CSSC satisfied the requirements of ORS 20.080(1), and we do not address that possibility.

[8] Contrary to the dissent's suggestion, 202 Or App at 388 (Wollheim, J., dissenting), we do not rely on *Schwartzkopf* in concluding that plaintiff's demand was insufficient. We address *Schwartzkopf* only to indicate that at least one alternative method of notifying defendant of her demand was available to plaintiff in this case. We do not hold that plaintiff was obligated to use that method, and, indeed, we assume that other methods likely were available.

[9] The dissent implies that plaintiff was somehow required to use the method she did because (1) CSSC had denied the claim; (2) CSSC had not indicated that it would accept service on behalf of defendant or that it was defendant's registered agent; and (3) defendant had not complied with ORS 648.007 by filing an assumed

demand must be measured against the totality of the circumstances, and, here, plaintiff rejected one obviously reasonable method of apprising defendant of her demand in favor of a method that was not reasonably calculated to apprise anyone with the authority to act on it.

Affirmed.

**WOLLHEIM, J.,** dissenting.

The majority concludes that the attorney fee provisions of ORS 20.080(1) require that a demand letter be "reasonably calculated to apprise the defendant of the demand," and that, in this case, plaintiff's written demand to defendant did not meet that standard. For the reasons that follow, I would conclude otherwise. Accordingly, I respectfully dissent.

In this case, on September 26, 2000, plaintiff was injured in a slip and fall accident at a Carl's Jr. restaurant in downtown Portland. After the accident, plaintiff received a letter from Constitution State Service Company, which described the Carl's Jr. restaurant in Portland as "[o]ur insured." CSSC asked plaintiff if she wished to pursue a claim.

Plaintiff responded to CSSC, stating that she wished to pursue a claim. On February 9, 2001, CSSC wrote to plaintiff explaining that, after conducting its investigation, CSSC concluded that "Carl's Jr. was not responsible for your accident." For that reason, the letter continued, "we respectfully deny your claim for any and all damages as they relate to the

---

business name registration with the Oregon Corporation Division. 202 Or App at 384 (Wollheim, J., dissenting). *Schwartzkopf* establishes that an ORS 20.080 demand may be made on "an insurer who is acting as an agent for an insured defendant for purposes of defending or settling a claim," 166 Or App at 471; neither *Schwartzkopf* nor any other authority suggests that the insurer's apparently authorized denial of the claim makes any difference. Indeed, such a denial supports the view that the insurer is acting for the insured. Likewise, the dissent cites no authority for the suggestion that the insurer may not receive the demand unless it has indicated that it will accept service or that it is defendant's registered agent. Finally, although a defendant's failure to file an assumed business name registration may complicate the task of serving an ORS 20.080 demand, the circumstances in this case do not suggest that plaintiff was without other reasonable alternatives for making demand on defendant.

accident." The letter referred to "Carl's Jr. Restaurant" located in "Portland, O[regon]" as the "Entity."

After her claim was denied, plaintiff hired an attorney. Shortly thereafter, on August 5, 2002, plaintiff's attorney wrote to CSSC informing it that he represented plaintiff; he listed the insured as "Carl's Jr. Restaurant" located in "Portland, Oregon." The letter made reference to the approaching statute of limitations by noting that, "[i]f we cannot get this matter resolved by no later than early September, we will have to file a lawsuit." On September 4, 2002, CSSC, on behalf of Carl's Jr. restaurant in Portland, wrote plaintiff's attorney, stating that, based on its investigation, "Carl's Jr. was not responsible" and "[t]herefore, we respectfully deny your claim for any and all damages as they relate to the accident." Again, CSSC referred to "Carl's Jr. Restaurant" located in "Portland, Oregon" as the "Entity."

After receiving CSSC's denial, plaintiff's attorney, on September 10, 2002, mailed a written demand, pursuant to ORS 20.080, to the Carl's Jr. restaurant in Portland where she was injured. The letter was typed on plaintiff's attorney's letterhead, was sent first class mail, and provided:

"Carl's Jr. Restaurant
508 S.W. Taylor
Portland, Oregon
97204

"Re: [Plaintiff] v. Carl's Jr. Restaurant

"To Whom It May Concern, Greetings:

"Please be advised that our office represents the legal interests of [plaintiff] relative to her slip and fall at your restaurant on or about September 26, 2000.

"Based on the information presented, her economic and non-economic losses are estimated to total approximately $5,000, which sum is hereby demanded.

"Be advised that pursuant to ORS 20.080, if a suit is filed after a period of ten days following this notice, the court may tax you a reasonable amount for attorney fees as well as costs."

After not receiving a response, plaintiff filed her complaint on September 24, 2002, two days before the statute of limitations would have run. Defendant is Carl Karcher Enterprises, Inc., a California corporation, dba Carl's Jr. restaurant. The complaint alleged two claims. The first claim concerned the slip and fall incident. The second claim was for statutory negligence, alleging that defendant failed to lawfully register Carl's Jr. restaurant as an assumed business name, in violation of ORS 648.007. That statute prohibits any person, including a corporation, from conducting business under an assumed business name unless that entity has registered that name in accordance with the statute, and maintains a current registration.[1] Plaintiff and defendant settled the second claim for relief.

The first claim was referred to mandatory arbitration. Plaintiff prevailed. Plaintiff requested that the arbitrator award attorney fees, which the arbitrator denied. Plaintiff filed exceptions, based on the denial of attorney fees. The trial court held that plaintiff did not satisfy the requirements of ORS 20.080(1), and this appeal followed.

ORS 20.080(1) provides, in part:

"In any action for damages for an injury * * * where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that *written demand for the payment of such claim was made on the defendant* not less than 10 days before the commencement of the action * * *."

(Emphasis added.)

The dispute between the majority and me is quite narrow: Did plaintiff's September 10, 2002, letter to Carl's Jr. restaurant satisfy "the statutory requirement that the demand be 'made on the defendant.' " 202 Or App at 376. As the majority correctly discusses, our task is to determine the legislature's intent by examining the text and context of the

---

[1] In its second amended answer, defendant "admits only that it has not registered 'Carl's Jr. Restaurant' as an assumed business name with the Oregon Corporation Division."

statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). At the first level of analysis, we consider whether the legislature has defined any of the terms of the statute and, if not, then words of common usage typically should be given their plain, ordinary, and natural meaning. We must not insert words into the statute that have been omitted. Nor can we omit words that the legislature has inserted. ORS 174.010. In addition, prior Supreme Court case law interpreting the same statute becomes part of the statute as if written into the statute at the time of its enactment. *Davis v. O'Brien*, 320 Or 729, 741, 891 P2d 1307 (1995). Our interpretation of the same statute is also considered at the first level of analysis, but only because our prior decisions are *stare decisis* for this court.

The meaning of the word *defendant* is the key. ORS 20.080(1) does not define defendant. *Black's Law Dictionary* 507 (4th ed 1957) defines defendant as "[t]he person defending or denying; the party against whom relief or recovery is sought in an action or suit * * *." Defendant is also defined in *Webster's Third New Int'l Dictionary* 591 (unabridged ed 2002) as "**2 :** a person required to make answer in an action or suit in law or equity or in a criminal action—opposed to *plaintiff*[.]" (Emphasis in original.) Because there is not a statutory definition of the term "defendant," I give it its plain, ordinary, and natural meaning. Accordingly, I would conclude that Carl's Jr. Restaurant is the *defendant* in this case. I would also conclude that plaintiff's September 10, 2002, letter was a written demand made on *defendant*.

However, I must also consider two of our prior decisions, *Castro v. Earl Scheib of Oregon*, 65 Or App 179, 670 P2d 226 (1983), and *Schwartzkopf v. Shannon the Cannon's Window*, 166 Or App 466, 998 P2d 244 (2000), because they are prior interpretations of the same statute by this court. The majority cites those cases to support its conclusion that plaintiff's demand on defendant did not satisfy the requirement of ORS 20.080(1).

The facts in *Castro* are similar to the facts here. There, the plaintiff took his car to one of the defendant's several paint shops to have the car painted. While the car was in the defendant's possession the car was stolen. Before filing

his complaint, the plaintiff made a demand, under ORS 20.080, on the defendant by mailing the demand directly to the shop from which his car was stolen and not to its registered agent. *Castro*, 65 Or App at 181. The defendant argued that the demand was insufficient because the demand had to be made on the corporation's registered agent. In rejecting that argument, this court noted that the statutes concerning service on the registered agent were permissive and not mandatory. The court explained:

> "It strikes us as reasonable that a plaintiff would choose to deal directly with the people responsible for his injury. We judge plaintiff's methods to have been reasonably calculated to apprise defendant of the demand. Defendant was not prejudiced simply because the letter went to the shop most familiar with plaintiff's claim rather than to the corporate headquarters. Accordingly, we hold that defendant received the ten-day notice required under ORS 20.080(1)."

*Castro*, 65 Or App at 182.

*Castro* supports the conclusion that plaintiff satisfied the requirements of ORS 20.080(1) when she sent the demand letter to the Carl's Jr. restaurant in Portland where the accident occurred. At the time of the demand on defendant, (1) CSSC had denied the claim; (2) CSSC had not indicated that it would accept service on behalf of defendant or that it was defendant's registered agent; and (3) defendant had not complied with ORS 648.007 by registering its assumed business name of Carl's Jr. restaurant.

The majority concludes that the demand here did not satisfy ORS 20.080(1) because the demand made on defendant was not "served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the demand and to afford a reasonable opportunity to respond as required." 202 Or App at 378. The majority extrapolates from *Castro* and holds that the "reasonably calculated" language incorporates ORCP 7 D:

> "Because ORS 20.080 does not specify a method for ensuring that the prelitigation demand is 'made on the defendant,' the Oregon Rules of Civil Procedure—and specifically ORCP 7 D(1), which deals with the analogous problem of service of a summons on the defendant—are context

for construing ORS 20.080. *See Rodriguez* [*v. The Holland, Inc.*], 328 Or [440, 445-46, 980 P2d 672 (1999)] (using the rules as context for interpreting the phrase 'amount pleaded' in ORS 20.080). We conclude that a demand is 'made on the defendant' only if it is served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the demand and to afford a reasonable opportunity to respond as required. *Cf. Castro v. Earl Scheib of Oregon*, 65 Or App 179, 182, 670 P2d 226 (1983) (holding that an ORS 20.080 demand was adequate on the grounds that is was 'reasonably calculated to apprise [the] defendant of the demand')."

202 Or App at 377-78 (footnote omitted).

With all due respect, the majority is incorrect in incorporating the principles of ORCP 7 D into ORS 20.080. ORCP 7 D concerns methods of serving a summons and complaint. ORCP 7 D is based on due process concerns that are not present here. The Supreme Court's decision in *McCall v. Kulongoski*, 339 Or 186, 118 P3d 256 (2005), illustrates my point. In that case, the plaintiffs obtained a supplemental judgment awarding them attorneys fees for successfully defending a ballot measure. The state appealed that judgment; however, the state mailed the notice of appeal to the wrong address. *Id.* at 189. This court dismissed the state's appeal by order, relying, in part, on our decision in *Harris and Harris*, 104 Or App 209, 799 P2d 699 (1990), in which we applied the ORCP 7 D "reasonably calculated * * * to apprise the defendant" standard to service of appeal notices. *Id.* at 191. The Supreme Court, to the extent our order relied on *Harris*, disagreed, explaining:

"The statutes controlling service of appeal notices, however, are separate and distinct from the statutes controlling the service of summonses. *That is because the act of filing and serving a notice of appeal fulfills a different purpose than a service of summons. While the latter grants a trial court personal jurisdiction over the party served, the former gives an appellate court jurisdiction over the issue on appeal, to the exclusion of the lower court.* It is not surprising, then, that different statutes also control service for that part of the appellate process."

*McCall*, 339 Or at 192 (citation omitted; emphasis added).

The same reasoning applies here. Like serving a notice of appeal, making a written demand on the defendant serves a different purpose than a service of summons. The purpose of a written demand letter pursuant to ORS 20.080 is "to give the defendant an opportunity to settle the case," *Landers v. E. Texas Motor Frt. Lines*, 266 Or 473, 475, 513 P2d 1151 (1973), and has no bearing on whether a trial court has personal jurisdiction over a defendant. After a plaintiff has made a written demand on a defendant, the plaintiff still must file a complaint and serve the defendant according to ORCP 7. The failure of a plaintiff to comply with ORCP 7 is fatal to that plaintiff's cause of action, a level of importance that a written demand letter does not have. It is implausible to conclude that the legislature intended to attach the same level of importance to a prelitigation demand letter as it did a service of summons by requiring the same standard of service. It makes sense then, that ORS 20.080 is separate from and makes no reference whatsoever to ORCP 7. *Cf.* ORS 19.500 (expressly requiring service of papers in appeals to comply with ORCP 9 B).

The majority relies on *Rodriguez* for the proposition that the Oregon Rules of Civil Procedure should be used as context for construing ORS 20.080. 202 Or App at 376. In *Rodriguez*, the question before the Supreme Court was whether the phrase "the amount pleaded" in ORS 20.080 referred to the plaintiff's original complaint, which pleaded an amount of damages greater than what ORS 20.080 allowed, or to the plaintiff's amended complaint, which pleaded a lesser amount. The court reasoned that, because ORS 20.080 did not specify a pleading procedure different from the Oregon Rules of Civil Procedure, they should be used as context for interpreting the phrase "the amount pleaded." 328 Or at 446.

The Oregon Rules of Civil Procedure do not specify a procedure for serving a prelitigation demand letter. However, ORS 20.080 does specify a procedure—making a written demand on the defendant—and that procedure was complied with here. The majority's use of ORCP 7 as context for a prelitigation demand letter under ORS 20.080 does not logically flow from the Supreme Court's decision in *Rodriguez*. ORS 20.080 concerns a situation to which the Oregon Rules

of Civil Procedure simply do not apply—a prelitigation demand letter made *before* the claim even reaches the circuit court. *See* ORCP 1 ("These rules govern procedure and practice *in* all circuit courts[.]" (Emphasis added.)). To insert the requirements of ORCP 7 D into ORS 20.080 would violate the legislature's intent for this court not to "insert what has been omitted[.]" ORS 174.010.

Accordingly, to the extent that *Castro* incorporates the principles of ORCP 7 D to conclude that a demand under ORS 20.080(1) must be reasonably calculated to apprise the defendant of the demand, the analysis in *Castro* is inconsistent with the analysis in *McCall* and *McKinney and McKinney*, 201 Or App 721, 120 P3d 921 (2005). The "reasonably calculated to apprise the defendant of the demand" language does not appear anywhere in ORS 20.080(1). I know of no statutory principle of construction that allows this court to add such language to ORS 20.080(1) when the legislature did not include that language. *See, e.g., McCall*, 339 Or at 192; *McKinney*, 201 Or App at 730. Here, ORS 20.080(1) required that plaintiff make a written demand on defendant at least 10 days prior to the filing of the complaint. Plaintiff satisfied that requirement.[2]

The majority also relies on our decision in *Schwartzkopf*. In that case, the plaintiff sustained personal injuries and property damage as a result of a motor vehicle accident with the defendant. More than 10 days before the filing of the complaint, the plaintiff made demand on the defendant by mailing the written demand to the defendant's insurer and not to the defendant. The arbitrator and the trial court denied the plaintiff's request for attorney fees because both concluded that making the demand on the insurer, and not the defendant, did not satisfy the requirements of ORS 20.080(1). We affirmed. *Schwartzkopf*, 166 Or App at 468-69.

_____

[2] The majority states, "The letter was sent by first class mail, with no return receipt requested, and the record does not establish whether the restaurant actually received it." 202 Or App at 375. However, defendant acknowledges that the letter was mailed by first class mail to Carl's Jr. restaurant at 508 S.W. Taylor Street, Portland, Oregon, and raises no issue regarding whether the letter was "actually received." Thus, it is proper for us to presume under OEC 311(1)(q) that the demand letter was received by defendant in Portland, where the incident that is the subject of the complaint occurred.

However, in reaching our conclusion, we distinguished *Castro* and held that the term "defendant," as used in ORS 20.080(1), does not "have a well-settled meaning that either includes or excludes agents of a named defendant." *Schwartzkopf*, 166 Or App at 470. In affirming the denial of attorney fees under ORS 20.080(1), we held:

> "In sum, we disagree with the trial court's reasoning that a demand pursuant to ORS 20.080 may not be made on an insurer who is acting as an agent for an insured defendant for purposes of defending or settling a claim. Nonetheless, under the circumstances presented here, we must affirm the trial court's denial of attorney fees because the record fails to demonstrate that a demand was made on an insurer who was, in fact, acting as an agent for defendant at the time. The record, as it pertains to this issue, consists solely of the parties' legal memoranda in the trial court concerning whether a demand made on the insurer can satisfy ORS 20.080. No exhibits or affidavits were submitted to demonstrate that the insurer was, in fact, acting as an agent for defendant at the time of the demand and, because the proceedings below were not recorded, we are unable to discern whether the parties have entered into any sort of stipulation concerning the underlying facts. On appeal, plaintiff bears the burden of demonstrating that the trial court committed reversible error in ruling as it did. Thus, although we disagree with the trial court's reasoning, we are unable to find on this record that the trial court committed reversible error."

166 Or App at 471 (footnote omitted).

The majority cites *Schwartzkopf* and holds that plaintiff's demand was unreasonable because she *could have* made the demand on the insurer. But that conclusion misses the point. There may be a number of entities on which plaintiff could have served her demand under ORS 20.080(1)— Carl Karcher Enterprises, Inc., a California corporation; the California registered agent for Carl Karcher Enterprises, Inc.; or the Oregon registered agent for Carl Karcher Enterprises, Inc. This case is not about what is the most reasonable method of making the demand or what other methods could have been used. Rather, the question in this case is whether plaintiff, by making a written demand on Carl's Jr. restaurant, 508 S.W. Taylor, Portland, Oregon 97204, satisfied the

requirements of ORS 20.080(1). On these facts, in this case, and under the totality of the circumstances (including that Carl Karcher Enterprises, Inc., violated ORS 648.007), I would hold that plaintiff's written demand on defendant satisfied the requirements of ORS 20.080(1).[3]

Accordingly, I respectfully dissent.

Armstrong and Rosenblum, JJ., join in this dissent.

---

[3] And, in the alternative, I would hold that plaintiff's written demand on defendant was reasonable.