Argued and submitted September 12, decision of Court of Appeals and judgment of circuit court reversed; case remanded to trial court for further proceedings October 26, 2006

Carol Lee WOODS,
*Petitioner on Review,*

*v.*

CARL KARCHER ENTERPRISES, INC.,
a California corporation,
d/b/a Carl's Jr. Restaurant,
*Respondent on Review.*

(CC No. 0209-09609; CA A123470; SC S53160)

146 P3d 319

William A. Drew, of Elliott, Ostrander & Preston, P.C., Portland, argued the cause and filed the brief for petitioner on review. With him on the brief was John S. Marandas, of Marandas & Perdue, Portland.

George S. Pitcher, of Williams, Kastner & Gibbs, PLLC, Portland, argued the cause and filed the brief for respondent on review. With him on the brief were Eric J. Neiman and David C. Campbell.

James E. Mountain, Jr., of Harrang Long Gary Rudnick P.C., Portland, filed the brief for *amicus curiae* Oregon Association of Defense Counsel. With him on the brief was Jona J. Maukonen.

Before De Muniz, Chief Justice, and Carson, Gillette, Durham, Balmer, and Kistler, Justices.**

BALMER, J.

---

** Riggs, J., retired September 30, 2006, and did not participate in the consideration or decision of this case. Walters, J., did not participate in the consideration or decision of this case.

**BALMER, J.**

Plaintiff was injured in a slip-and-fall accident in defendant's restaurant. More than 10 days before filing an action seeking damages for her injuries, her lawyer sent a demand letter to defendant at the restaurant's address stating that her damages were approximately $5,000 and noting that, if she were required to file an action to recover those damages, she would be entitled to recover her reasonable attorney fees from defendant under ORS 20.080(1).[1] The issue before this court is whether plaintiff's demand letter met the requirements of ORS 20.080(1) and therefore required the trial court to award attorney fees. For the reasons that follow, we hold that plaintiff's letter was sufficient. We therefore reverse the contrary rulings of the Court of Appeals and the trial court and remand the case to the trial court for further proceedings.

The facts necessary to decide the legal issue of the sufficiency of plaintiff's demand are undisputed. Plaintiff slipped and fell at defendant's "Carl's Jr." restaurant on S.W. Taylor Street in Portland. Plaintiff and plaintiff's lawyer later corresponded with a company that apparently processed accident claims for defendant, either as an insurer or as an independent claims processing firm. Those contacts did not resolve plaintiff's claim. In September 2000, shortly before the statute of limitations was to run, plaintiff's lawyer sent a letter by first class mail addressed to "Carl's Jr. Restaurant" at the Taylor Street address, asserting that plaintiff had been injured at the restaurant and had incurred damages of approximately $5,000.[2] The letter demanded that sum from defendant and noted that, if plaintiff were required to file an action to recover her damages, the court could award plaintiff her attorney fees under ORS 20.080.

---

[1] ORS 20.080(1), which we quote below, generally provides that, in any personal injury action in which the plaintiff seeks $5,500 or less and prevails, the trial court shall award plaintiff a reasonable attorney fee "if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action * * *."

[2] The demand letter is in the record. Defendant does not claim that it did not receive the letter.

Defendant did not settle the claim in response to the demand letter, and plaintiff subsequently filed an action against defendant. Plaintiff's case was referred to a mandatory arbitration program for small claims, and an arbitrator awarded plaintiff damages. The arbitrator, however, denied plaintiff's request for attorney fees on the ground that plaintiff's demand letter was insufficient, and the trial court entered a judgment confirming those aspects of the arbitrator's decision.

Plaintiff appealed the denial of her attorney fees, and the Court of Appeals affirmed in a divided, en banc decision. *Woods v. Carl Karcher Enterprises, Inc.*, 202 Or App 372, 122 P3d 121 (2005). The majority held that plaintiff's demand letter did not provide defendant with the notice required by ORS 20.080(1). The majority construed the words "written demand * * * made on the defendant" in that statute to require that the demand be made in a manner "reasonably calculated, under all the circumstances, to apprise the defendant of the demand and to afford a reasonable opportunity to respond as required." 202 Or App at 378. To determine whether plaintiff's demand met that standard, the majority looked to ORCP 7, which sets out the requirements for service of a summons in a civil action. The majority noted that service by mail presumptively meets the requirements of ORCP 7 only if service is by certified or registered first class mail, return receipt requested, or express mail. *Id.* at 378 n 5. Because plaintiff's notice was not sent in that manner, it was not presumptively reasonable. Moreover, according to the majority, because plaintiff had corresponded with the company that processed claims for defendant before plaintiff had sent her demand letter, her decision to send the demand letter to the restaurant where plaintiff was injured, rather than to the claims processor, "was not reasonably calculated to apprise anyone with the authority to act on it." *Id.* at 380.

In a dissenting opinion, Judge Wollheim, joined by Judges Armstrong and Rosenblum, asserted that the written notice sent to "Carl's Jr. Restaurant" at the address of the restaurant was sufficient to apprise defendant, a California corporation that does business as "Carl's Jr.," of plaintiff's claim. The dissent rejected the majority's conclusion that

proper notice under ORS 20.080(1) required compliance with ORCP 7, noting that the service of a summons allows the court to acquire jurisdiction over a defendant and thus serves a different purpose than a prelitigation demand letter. 202 Or App at 385-86 (Wollheim, J., dissenting). The dissent also observed that the majority decision seemed to require that the demand be made by the "most reasonable" method, rather than focusing on the words of ORS 20.080, which requires only that a written demand be "made on the defendant." *Id.* at 388-89 (Wollheim, J., dissenting).

We allowed plaintiff's petition for review to consider the meaning of the statutory requirement that the demand be "made on the defendant." We begin with ORS 20.080(1), which provides, in part:

> "In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, *there shall be taxed and allowed to the plaintiff,* at trial and on appeal, *a reasonable amount to be fixed by the court as attorney fees* for the prosecution of the action, *if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action* or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461."

(Emphasis added.)

The statute does not specify how plaintiff's demand is to be "made on the defendant." In interpreting that phrase, the Court of Appeals relied on *Rodriguez v. The Holland, Inc.,* 328 Or 440, 445, 980 P2d 672 (1999), where this court was faced with another interpretive issue under ORS 20.080—the meaning of the phrase "amount pleaded." In *Rodriguez,* this court stated that "the Oregon Rules of Civil Procedure provide statutory context for construing ORS 20.080, because they 'govern procedure and practice in all circuit courts * * * for *all* civil actions * * * *except where a different procedure is specified by statute or rule.*' ORCP 1 A[.]" 328 Or at 445 (emphasis in *Rodriguez*).[3] Applying *Rodriguez,* the Court of

---

[3] Although defendant argues that the Court of Appeals decision should be affirmed, unlike the Court of Appeals, it does not claim that *Rodriguez* supports its position here.

Appeals looked to the Oregon Rules of Civil Procedure to determine the required means of delivering a demand letter under ORS 20.080(1).

The Court of Appeals noted that a demand letter under ORS 20.080(1) is analogous to a summons because it is directed to a party "over whom the court has not yet attained personal jurisdiction" and requires that party "to timely respond to the content of the demand or suffer adverse consequences * * *." *Woods*, 202 Or App at 377. Because of that potential adverse consequence, the Court of Appeals first determined that, like a summons, a demand letter must be delivered in a manner "reasonably calculated, under all the circumstances, to apprise the defendant" of the demand and to afford a reasonable opportunity to respond. *Id.* at 376 (quoting ORCP 7).[4] The court then concluded that, because plaintiff had not used the method of service that, under ORCP 7, is "presumptively reasonable" (certified or registered mail, return receipt requested, or express mail), and also had not "ensure[d] that the letter would reach someone with the authority and knowledge necessary to act on it," the demand was insufficient.

Plaintiff argues that the Court of Appeals' reference to *Rodriguez* and its use of ORCP 7 as "context" for its interpretation of ORS 20.080(1) are misplaced. Plaintiff points out that the issue in *Rodriguez* was the meaning of the phrase "amount pleaded" in a complaint in a civil action and, therefore, it was appropriate for the court in that case to examine the Oregon Rules of Civil Procedure, which govern pleadings in civil actions. However, plaintiff argues, a demand under ORS 20.080 necessarily occurs *before* any civil action has been commenced, suggesting that the rules that govern civil actions do not provide useful guidance for determining the proper service of a prelitigation demand.

Plaintiff further argues that, if any rule of procedure provides context for interpreting ORS 20.080(1), it is ORCP 9. Plaintiff points out that ORCP 9, which applies to service

---

[4] *See* ORCP 7 D(1) (summons must be served in a manner "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend").

of pleadings after an action has been commenced, specifically refers to "every written request, notice, appearance, *demand*, offer of judgment, * * * and similar paper * * *." ORCP 9 A (emphasis added). ORCP 9 B provides that a party shall serve any such document by delivering a copy to the party or the party's attorney or "by mailing it to such attorney's or party's last known address." Because plaintiff's demand was mailed to defendant's restaurant, plaintiff asserts that the demand was properly "made on the defendant" for purposes of ORCP 9 and ORS 20.080(1).

In our view, the Court of Appeals' majority read too much into this court's decision in *Rodriguez*. The statement in *Rodriguez* that the Oregon Rules of Civil Procedure provide context for interpreting ORS 20.080(1) itself must be read in context. The sentence in *Rodriguez* that precedes the sentence that the Court of Appeals quoted makes clear that the context of that decision involved a *pleading* in a civil action: "ORS 20.080 does not define the phrase 'amount pleaded,' and the plain words of the statute do not indicate whether the phrase refers to the original complaint or to the operative complaint in an action." 328 Or at 445. Here, the issue has nothing to do with a pleading in a civil action, but rather with the proper delivery of a written demand—a particular legal device described outside of the Oregon Rules of Civil Procedure—before any civil action has been filed. Nothing in the Oregon Rules of Civil Procedure or in ORS 20.080(1) suggests that the legislature intended those rules to control the interpretation of that statute's requirement that the demand be "made on the defendant."

■ We agree with plaintiff that the Court of Appeals' reliance on ORCP 7 is misplaced. The Court of Appeals' conclusion that a demand under ORS 20.080(1) is similar to a summons ignores the fact that a demand, standing alone, can cause no harm to a defendant; rather, the potentially adverse consequence of being required to pay plaintiff's attorney fees occurs only if plaintiff properly commences an action, including serving the summons as required by ORCP 7 and, moreover, prevails at trial (among other prerequisites). Service of a summons, in contrast, serves a different purpose, giving the court personal jurisdiction over the defendant, imposing on the defendant a number of immediate obligations (such as filing an appearance and responding to the complaint) and a

host of potentially adverse consequences. *See McCall v. Kulongoski*, 339 Or 186, 191-93, 118 P3d 256 (2005) (rejecting use of ORCP 7 service requirement for service of notice of appeal, because summons and notice of appeal serve different purposes).

Although we disagree with the Court of Appeals' application of the ORCP 7 service requirements to a written demand in ORS 20.080(1), that court did not err in construing the statute to require that the demand be "made on the defendant" in a manner reasonably calculated to apprise the defendant of the demand. *Woods*, 202 Or App at 378. This court construed an earlier version of ORS 20.080(1) in *Landers v. E. Texas Motor Frt. Lines*, 266 Or 473, 513 P2d 1151 (1973), and stated that "[t]he purpose of the notice is to give the defendant an opportunity to settle the case." *Id.* at 475. Elaborating on that statement, the court observed that the statute was intended "to coerce tortfeasors and their insurance companies into settling small, legitimate claims where it is impracticable for the offended party to employ an attorney to prosecute his claim." *Id.* at 476-77. *See also Fresk v. Kraemer*, 337 Or 513, 520, 99 P3d 282 (2004) (purpose of ORS 20.080(1) is "to encourage settlement of small claims, to prevent insurance companies and tortfeasors from refusing to pay just claims, and to discourage plaintiffs from inflating their claims" (quoting *Rodriguez*, 328 Or at 446)). Obviously, the purpose of the statute cannot be accomplished if the plaintiff's demand is not received by the defendant. It was eminently reasonable, therefore, for the Court of Appeals to construe the ORS 20.080(1) requirement that the demand be "made on the defendant" to require that the plaintiff transmit the demand in a manner that was reasonably calculated to apprise the defendant of plaintiff's demand.

■ Where the Court of Appeals erred was in incorporating into ORS 20.080(1) the ORCP 7 service requirements, including the "presumptively reasonable" requirement of service by certified or registered mail, return receipt requested, or express mail. Such a requirement does not further the purpose of encouraging settlement of small, legitimate claims, perhaps without the assistance of a lawyer. Nothing in ORS 20.080(1) indicates that the legislature intended that the "demand" itself exhibit any particular level of formality (although it must be in writing) or that it be

"made" in any particular manner, other than that it be "made on the defendant." Because the legislature did not specify any particular manner in which the demand must be "made on the defendant," we hold only that the demand must be made in a manner that is reasonably calculated to apprise the defendant of the demand. *See Landers*, 266 Or at 476 (rejecting argument that demand was insufficient because it failed to demand a specific amount; stating that "had the legislature intended anything more, we believe it would have said so").

We now consider whether the manner in which plaintiff made its ORS 20.080(1) demand was reasonably calculated to apprise defendant of the demand. As noted, plaintiff's lawyer, using defendant's assumed business name, sent a letter by first class mail addressed to "Carl's Jr. Restaurant" at the address of defendant's restaurant where plaintiff was injured. Defendant argues that, because plaintiff and her lawyer previously had corresponded with an entity that apparently processed insurance claims for defendant, plaintiff should have delivered the demand to that entity. In our view, even if delivery of the demand to the claims processing firm would have been reasonably calculated to apprise defendant of the demand—an issue that we need not and do not decide—plaintiff's action in delivering the demand to defendant itself by first class mail addressed to defendant's restaurant where plaintiff was injured also met that standard. As discussed above, the legislature intended ORS 20.080(1) to encourage the early settlement of small claims, even without the involvement of lawyers. To require that a demand under that statute be "made" with the formality that accompanies service of a summons in a civil action would undermine that purpose. Plaintiff's demand here properly was "made on the defendant" within the meaning of ORS 20.080(1).

The decision of the Court of Appeals and the judgment of the circuit court are reversed. The case is remanded to the trial court for further proceedings.