# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC, SERIES 2920
BAYLINER AVENUE,
Appellant,
vs.
THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK, AS
SUCCESSOR TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE FOR THE
HOLDERS OF THE MLMI SURF
TRUST, MORTGAGE LOAN ASSET-
BACKED CERTIFICATES, SERIES
2005-BC4,
Respondent.

No. 73594

**FILED**

SEP 13 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment order in a quiet title action, certified as final under NRCP 54(b).[1] Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment in favor of respondent on the basis that respondent's agent tendered $207 to the HOA's agent, which, although rejected, undisputedly represented 9 months of assessments and therefore satisfied the superpriority portion of the HOA's lien, thus rendering the foreclosure sale void as to respondent's

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

18-35907

interest.[2] *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing district court order granting summary judgment de novo); *see Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev., Adv. Op. 35, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [(2009)] . . . is limited to an amount equal to nine months of common expense assessments."); 59 C.J.S. *Mortgages* § 582 (2009) (stating the general rule that when a tender is rejected without justification, the tender operates to discharge the lien). Consequently, the HOA's foreclosure sale for the entire lien resulted in a void sale, as only part of the lien remained in default. *See* Nelson, Whitman, Burkhart & Freyermuth, *supra*, § 7:21 ("The most common defect that renders a sale void is that the [lienholder] had no right to foreclose . . . ."); *see also Henke v. First S. Props., Inc.*, 586 S.W.2d 617, 619-20 (Tex. App. 1979) (payment of past-due installments cured loan's default such that subsequent foreclosure on the property was void); Baxter Dunaway, *The Law of Distressed Real Estate* § 17:20 (2018) ("A foreclosure sale can be set aside by a court of equity by showing a lack of default . . . .").

Although appellant claims that the tender was ineffective because it imposed conditions, appellant has not identified any imposed condition that respondent was not legally entitled to impose. *See Fresk v. Kraemer*, 99 P.3d 282, 286-87 (Or. 2004) (explaining that a "tender" is "an offer of payment that is coupled either with no conditions or only conditions upon which the tendering party has a right to insist" (internal citations and

---

[2]We decline to consider appellant's arguments that the HOA's agent rejected the tender in good faith and that respondent was required to keep the tender good. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (providing that, generally, a point not urged in the trial court is deemed to have been waived on appeal).

quotation marks omitted)); 74 Am. Jur. 2d *Tender* § 22 (2012) (same); 86 C.J.S. *Tender* § 26 (2017) (same). Similarly, although appellant contends that the HOA's agent was justified in rejecting the tender because the agent believed that collection fees and costs were properly included in the lien amount, we are not persuaded that this was a justifiable basis in light of the explanations contained in the letter sent by respondent's agent setting forth respondent's legal position. *Cf.* 1982 Uniform Common Interest Ownership Act, § 3-116 cmt. 1 (observing that a secured lender will most likely pay the superpriority lien rather than having the HOA foreclose on the unit); 1994 & 2008 Uniform Common Interest Ownership Acts, § 3-116 cmt. 2 (same).

Finally, although appellant claims that its predecessor is protected as a bona fide purchaser, the predecessor's putative status as a bona fide purchaser cannot validate an otherwise void sale.[3] *See* Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, *Real Estate Finance Law* § 7:21 (6th ed. 2014) ("Some defects are so substantial that they render the sale void. In this situation, neither legal nor equitable title transfers to the sale purchaser . . . ."). Regardless, even if a bona fide purchaser defense could protect a buyer when it has been demonstrated that the conveyances underlying the buyer's interest were void, the district court properly determined that such a defense fails here. In particular, the record supports that appellant's predecessor had notice of foreclosure irregularities, including the bid instructions stating that the superpriority

---

[3]For this reason, appellant's argument regarding the need for respondent to record evidence of its tender are moot, even if the argument had been properly preserved for appeal. *Old Aztec*, 97 Nev. at 52, 623 P.2d at 983.

lien would remain a lien on the property and the subsequently low $300 sales price, and the language in the first trustee's deed upon sale stating that the deed conveyed only the portion of the title and interest secured by the nonpriority portion of the lien. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Kenneth C. Cory, District Judge
Persi J. Mishel, Settlement Judge
Law Offices of Michael F. Bohn, Ltd.
Akerman LLP/Las Vegas
Eighth District Court Clerk

---

[4]We need not address the parties' specific arguments regarding whether the language in the first deed upon sale or equitable grounds would have otherwise justified setting aside the foreclosure sale because those arguments are moot in light of this disposition.